[Opinion delivered March 24, 1882.]

---

EAST TEXAS FIRE INSURANCE COMPANY v. A. DYCHES, FOR USE OF McDANNELL & CO.

(Case No. 4353.)

1. PETITION ON FIRE POLICY — MATTERS OF DEFENSE.— A petition to recover for a loss by fire on a contract of insurance need not exhibit the policy nor set forth such of its terms as are in the nature of conditions subsequent, or in the nature of exceptions, or which are prohibitory of certain acts by the assured — all these being matters of defense.

2. SAME — CONDITIONS SUFFICIENTLY SET FORTH IN — ESTOPPEL.— Although proofs of fire and loss are by the policy made conditions precedent, the petition is sufficient on this point if it alleges notice of the loss, and that on a day and at a place specified, proofs thereof were taken by A., the company's agent, authorized thereto, and also authorized to settle and adjust the loss, who waived further proof, and promised to settle the loss. These facts would estop the company from setting up failure to furnish proofs.

3. EVIDENCE OF PAYMENT OF PURCHASE MONEY — ERRONEOUS CHARGE.— Where the evidence is, that, with the exception of an outstanding unsatisfied vendor's lien, the purchase money on property offered

for insurance had been paid, a charge based on the hypothesis that the jury are satisfied "that the purchase money had not been paid and that there was an outstanding unsatisfied vendor's lien," was properly refused.

4. WARRANTY OF FEE SIMPLE OWNERSHIP— NOT BROKEN, WHEN.— It seems that a warranty that the land on which the insured building stands is owned 'in fee simple, is not broken if the party is in a condition to enforce specific performance of a bond to convey.

5. CORRECT CHARGE— NO ERROR TO REFUSE, WHEN.— It is not error to refuse a charge when one substantially the same is given. See opinion.

APPEAL from Travis.    Tried below before the Hon. A. S. Walker.

*Peeler & Maxey,* for appellant.

I. When a party declares upon a contract in writing, and it affirmatively appears from his petition that all the terms and conditions of the contract are not set forth *in hæc verba,* nor stated in their legal effect, but that a portion which may be material has been omitted, and the contract is not made an exhibit, the petition is bad on demurrer.    As to requirement in pleading on written instruments, see Van Norman *v.* Wheeler, 13 Tex., 316; Holman *v.* Criswell, id., 38; Lipscomb *v.* Bryan, 22 Tex., 609; Sneed *v.* Moodie, 24 Tex., 160; English *v.* Helms, 4 Tex., 228; Rules District Court, No. 19.    For cases in point where suits were brought on policies of insurance, see Gilmore *v.* Lycoming Insurance Company, S. C. California, July, 1880, reported in 10 Reporter, 555; Bobbit *v.* Ins. Co., 66 N. C., 70; S. C., 8 Am. Rep., 494; Bidwell *v.* Conn. Mut. L. Ins. Co., 3 Saw. (U. S. C. C.), 261; Bonner *v.* Ins. Co., 13 Wis., 758; Home Ins. Co. *v.* Duke, 43 Ind., 418; Rockport Ins. Co. *v.* Nelson, 65 Ill., 415.

II. The *allegata* and *probata* must agree.    Banking Co. *v.* Stone, 49 Tex., 4; Burnett *v.* Henderson, 21 Tex.; 590; 1 Greenl. Ev., § 69; Clark *v.* Phœnix Ins. Co., 36 Cal., 168.

III. When, in the case of the non-performance of conditions' precedent of a written contract, a waiver or estoppel is relied upon, the parties to, and terms and facts and circumstances connected with such waiver or estoppel, and out of which they are claimed to arise, should be set forth in the pleadings with reasonable certainty. Banking Co. v. Stone, 49 Tex., 4; Burnett v. Henderson, 21 Tex., 590; 1 Greenl. Ev., § 69; Clark v. Phœnix Ins. Co., 36 Cal., 168, and authorities cited under first proposition.

IV. To establish defense of waiver or estoppel for non-performance of conditions precedent in written contract based on acts and declarations of agent, authority of agent must be shown. Insurance Company v. Lewis, 48 Tex., 622; 2 Whart. Ev., § 1183; Whart. on Agency, § 459; Wood's Fire Ins., §§ 396, 397, 399.

V. A warranty by the assured that he holds the lands upon which insured premises stands, in fee simple, if false, avoids the policy. Wood's Fire Ins., § 218 and cases cited; see in addition thereto, 62 Barb., 636; 48 Me., 403; 11 Gray, 163; 29 Conn., 68; Fost. (N. H.), 157; 7 Allen, 46; 6 Cush. (Mass.), 448. Byers v. Ins. Co., 35 Ohio St., 606, is a recent case upon this point.

VI. When a building is left unoccupied at time of fire, without assent of insurer and contrary to the stipulations contained in the policy, recovery cannot be had. Insurance Co. v. Long, 51 Tex., 89; Keith v. Ins. Co., 10 Allen (Mass.), 228; Harrison v. Ins. Co., 9 Allen (Mass.), 231; Wustum v. Ins. Co., 15 Wis., 138.

*John W. Robertson,* for appellee.

I. The waiving of proofs of loss and the facts constituting an estoppel on the part of defendant were sufficiently set forth by plaintiff in his pleadings. Lewis v. Alexander, 51 Tex., 578; East Texas F. Ins. Co. v. Mimms, 4 Tex. L. J., 169; Spratley v Hartford Ins. Co.,

1 Dillon, 392; Priest v. Citizens' Mut. F. Ins. Co., 3 Allen, 602, and cases cited under last proposition.

II. The court did not err in admitting the policy of insurance in evidence before the jury.

III. The facts and circumstances relied on as constituting a waiver and estoppel on the part of defendant as to proofs of loss were sufficiently pleaded by plaintiff to admit the evidence of the witnesses Long, McInnis and Dyches, objected to by defendant.

IV. He who entrusts authority to another is bound by all that is done by his agent, within the scope of his apparent power, and cannot screen himself from the consequences thereof upon the ground that no authority in fact was given him to do the particular act. Ins. Co. v. Lewis, 48 Tex., 622; May on Ins., 126; Wood on Ins., 391–5; Union Mut. Ins. Co. v. Wilkinson, 3 Wall., 222; Markey v. Mut. Benefit Ins. Co., 103 Mass., 78; Post v. Ætna Ins. Co., 43 Barb., 351; Pitney v. Glenn Falls Ins. Co., 61 Barb., 335; Baker v. Cotter, 45 Me., 236; Lycoming Co. Mut. Ins. Co. v. Schollenbergen, 44 Pa. St., 259; Eclectic Life Ins. Co. v. Fahrenkrug, 68 Ill., 463; Home Life Ins. Co. v. Pierce, 5 Ins. L. J., 290; Moore v. Atlantic Ins. Co., 56 Mo., 343; Longstrass v. German Ins. Co., 57 Mo., 107; Keenan v. Mo. St. Ins. Co., 12 Iowa, 126.

V. Appellee had the right to assume from the acts and statements of Pires that he had taken all the proofs of loss which the company required, and that further proofs on his part were waived. Ins. Co. v. Lewis, 48 Tex., 622; Ins. Co. v. Brown, 4 Tex. L. J., 115; E. Tex. Ins. Co. v. Mims, id., 169; Ins. Co. v. Heidenheimer, id., 602; Norwich & N. Y. Transfer Co. v. West. Mass. Ins. Co., 34 Conn., 561; S. C., 12 Wall., 194; Rogers v. Traders' Ins. Co., 6 Paige Ch., 583; Martin v. Fishing Ins. Co., 20 Pick., 389; Priest v. Ins. Co., 3 Allen, 602; Lewis v. Mon. Ins. Co., 52 Me., 492; Franklin F. Ins. Co. v. Coates, 14 Md., 285; N. A. Ins. Co. v. Hope, 58 Ill., 75; Jewitt v.

Home Ins. Co., 29 Iowa, 562; O'Brien v. Com. Ins. Co., 63 N. Y., 111; May on Ins., 468-9; Wood on Ins., 419-21; Flanders on Ins., 600, and cases cited by last three authorities.

VI. The truth or falsity of the representations as to title made by appellee in his application for the policy was fairly submitted to the jury by the court in its general charge, and it was not error to refuse the special instruction asked by appellant. Ins. Co. v. Lewis, 48 Tex., 622; Banking Co. v. Stone, 49 Tex., 4; Buffam v. Ins. Co., 10 Cush., 540; Ins. Co. v. Sheets, 26 Gratt., 824; Swift v. Vt. Mut. Ins. Co., 18 Vt., 305; Tyler v. Ætna Ins. Co., 16 Wend., 385; Ins. Co. v. McCullough, 26 Ohio St., 52; Hough v. Ins. Co., 29 Conn., 10; Hubbard v. Ins. Co., 33 Iowa, 364; Chase v. Ins. Co., 22 Barb., 527; Ins. Co. v. Garfield, 60 Ill., 124; Wood on Ins., 86, 150, 151; May on Ins., 284, 285, 289.

GOULD, ASSOCIATE JUSTICE.— Dyches, for the use of McDannell & Co., brought suit in Travis district court December 29, 1879, against East Texas Fire Insurance Company for insurance on building, bar-room fixtures and liquors in Llano, Texas, destroyed by fire August 9, 1879.

The petition does not make an exhibit of the policy, nor does it undertake to set forth all of the numerous terms and conditions which are made part of the contract, but which are in the nature of conditions subsequent. Enough of the contract was stated, in connection with facts showing performance or excuse for non-performance of all conditions precedent, to show, *prima facie*, a complete right of action. Those parts or conditions of the contract which are matters in the nature of conditions subsequent, or in the nature of exceptions, or which are prohibitory of certain acts by the assured, are matters of defense, and were not required to

be noticed or negatived in the petition.    Although there are some authorities which require that the entire contract, including the application, be set out in the petition, the great weight of authority is in accordance with a rule which we think more consistent with principle, and better calculated to avoid inconvenient and unnecessary prolixity in the pleadings.    May on Insurance, § 586; Wood on Fire Insurance, p. 825, and authorities cited by those authors.

This policy contained a provision requiring the assured to give notice of the loss forthwith, and "as soon as possible" "render a particular account of such loss, signed and sworn," specifying with much minuteness what proofs of loss were to be made and furnished.    This was undoubtedly a condition precedent to the liability of the company.    The petition so treats it and contains the following:

"That immediately after the destruction of said property by fire as aforesaid, plaintiff gave defendant due notice of his said loss, and thereafter, to wit, on or about the first day of September, A. D. 1879, the defendant sent its agent, one L. A. Pires, by it duly authorized and empowered to take proofs of said fire and loss, and to adjust and settle the same, to the said town of Llano, and the said agent, in behalf of defendant, did then and there view the scene of said fire, and did then and there take such affidavits and proofs of said loss as were required by defendant under said policy, and did *waive* further proof thereof by plaintiff, and did then and there promise plaintiff that his said loss should be adjusted and paid without further delay; and plaintiff says that due notice and proofs of said loss were received by said defendant to its entire satisfaction, at its said office, more than sixty days before the filing of his original petition in this case on December 29, 1879."    The company specially excepted to the above in so far as it alleged a

waiver, because insufficient in law, the allegations with respect thereto being uncertain as to facts, and mere legal conclusions, and without the necessary averments of place, persons and facts, to give the defendant any sufficient cognizance thereof.

If an agent authorized, as alleged, to adjust and settle the loss, did the various acts alleged, and promised plaintiff that his losses should be paid without further delay, we think the company would be estopped from disputing plaintiff's claim on the ground of his failure to furnish proofs of loss.

In our opinion the court did not err in overruling the exceptions to the petition. It follows from these views that the court did not err in admitting the policy in evidence, although the application was not offered in connection therewith; nor did the court err in admitting evidence to establish the alleged waiver. In addition to the ground that the plea of waiver was insufficient, the evidence was objected to on the ground that the authority of the agent was not shown. There was evidence sufficient, we think, to support a finding that the agent's authority was ample.

By the terms of the policy the application is to be considered "a part of this contract and a warranty by the assured;" "any false representation by the assured of the title, condition, situation or occupancy of the property, or any omission to make known every fact material to the risk, or any failure or omission to state any mortgage, trust deed or lien upon the property insured or any part of the same; . . . or if the interest of the assured in the property, whether as owner, trustee, consignee, mortgagee, lessee or otherwise, be not truly stated," then the policy is to be void.

The application contains the following questions and answers by appellee:

Q. 12. "Is the property mortgaged, and what amount?" Ans. "Yes."

"Is there any insurance by mortgage?"  Ans.  "No."
Q. 16.  "Is the land on which the building stands held
in fee simple or lease?"  Ans.  "Fee simple."

It appears from the evidence that McDannell & Co.
had sold and conveyed their place to one Robinson, re-
taining a lien for $2,000 of unpaid purchase money.
Robinson sold to plaintiff Dyches and his other partner,
House, who, in part payment, assumed to pay the $2,000
to McDannell & Co., the balance of the purchase money
being paid to Robinson.  The evidence is conflicting as to
whether Robinson made them a title bond, or any writ-
ten showing whatever; Dyches having bought out
House, the insurance was taken out on the house, stock,
fixtures, etc., for the benefit of McDannell & Co.  After
the fire Robinson conveyed the place to McDannell & Co.
with the consent of Dyches, who received a credit of
$400 on his indebtedness to McDannell & Co.

Appellant claimed that the policy was avoided, because
the warranty that the land was held in fee simple was
false.  The question presented for our consideration,
however, is not as to the merits of this defense, but as
to whether the court erred in refusing the following
charge bearing thereon:

"If the jury believe, from the evidence, that plaintiff
represented and stated in his application for insurance
that the land upon which the insured building stood was
held in fee simple, and that it was not at the time of
making said application so held in fee simple by the
plaintiff, they will find for defendant.  If from the evi-
dence the jury are satisfied that the plaintiff claimed said
land under a mere verbal contract of purchase, and that
the purchase money had not been paid, and there was an
outstanding unsatisfied vendor's lien, and no deed had
ever been made to plaintiff, they are instructed that
plaintiff did not hold said land in fee simple."

Upon this subject the court charged as follows:

"The policy contains the stipulation following: If the

interest of the assured in the property be any other than the entire unconditional and sole ownership of the property for the use and benefit of the assured, it must be so represented to the company, and so expressed in the written portion of the policy, otherwise the policy shall be void. This clause in the policy should be construed in connection with the statement in the application, and what both together fairly mean is a question of construction for the court, and I charge you that if you find from the evidence that A. Dyches had purchased, or rather bargained for, the lot, and had paid *all* the purchase money, and had been placed in possession, then his title was perfect, and his right to the land secured, and sufficient to satisfy the stipulation, otherwise not."

The assignment of errors goes only to the refusal of the charge asked, and on that point alone do we feel called on to pass. We are of opinion that the evidence did not require the court to give a charge based on the hypothesis that the jury were satisfied "that the purchase money had not been paid, and there was an outstanding unsatisfied vendor's lien." The evidence is, that, with the exception of that lien, the purchase money had been paid, and therefore the court did not err in refusing the charge as asked.

It may be remarked that the entire equitable right in or to the land seems to have been conceded by Robinson, who held the legal title, to be in Dyches, who took out the policy, or in McDannell & Co., for whose benefit it was taken out; and that whether Dyches was or was not in a condition to enforce specific performance, does not clearly appear. If he was in that condition, the authorities are that there was no breach of the warranty. Swift *v.* Vermont Nat. Fire Ins. Co., 18 Vt., 313; Hough *v.* City Fire Ins. Co., 29 Conn., 10; Gayloid *v.* Lamar Fire Ins. Co., 40 Mo., 16.

By the terms of the policy it was to be void if the

premises became unoccupied without the assent of the company indorsed thereon.

There was evidence tending to establish a breach of this condition, and appellant complains that the court erred in refusing the following charge on that subject:

"If the jury believe from the evidence that the insured building was vacant and unoccupied at the time of the fire, without notice to and consent of the defendant, this defeats the plaintiff's right of recovery, unless the defendant waived this condition."

Upon this point the court charged as follows:

"Defendant insists that the condition of the policy has been broken by the assured, by reason of which the policy became void, because the building was left unoccupied for a space of time inconsistent with the ordinary use of the building such as increased the risk, and that this was without notice to the company and without defendant's consent. It is stipulated in the policy that if the premises became unoccupied without the assent of defendant indorsed on the policy, that the policy shall be void. It will be for you to say whether the house has been occupied in such manner as was reasonable and might have been reasonably anticipated by the parties to the policy, and if so, then this defense will not avail the defendant; but if you find that the same became unoccupied for an unreasonable time under the circumstances, then the defense upon this point will defeat the plaintiff. This clause in the policy has a meaning, but the jury must determine whether, considering the character of the house and the business carried on within it, there has been a breach of the contract in this regard as to render the policy void, and the court cannot properly indicate any view that it may take of the case."

In our opinion the charge asked was substantially embraced in the charge given, and therefore the refusal to give that charge in the precise form asked was not error.

It is insisted that the evidence failed to establish the alleged waiver of proofs of loss, and that for this reason the verdict was wrong and the motion for a new trial was wrong.

The evidence on this point was in direct conflict, and was sufficient, if the jury believed the statements of Dyches, to support the verdict.

The judgment is affirmed.　　　　　　　AFFIRMED.

[Opinion delivered May 27, 1881.]

Associate Justice BONNER did not sit in this case.

NOTE.— The record in the above case was not accessible when LV Texas, in which it should have appeared, was being reported.