## WESTERN UNION TELEGRAPH COMPANY v. F. E. PINER.

### No. 1553.

1   Telegraph Company—Notice of Claim—Time.—It seems that a stipulation in the printed forms for telegrams to be sent, that the company will not be liable for damages if claim therefor is not presented within a specific time, should be treated as a condition subsequent, which may afford matter to be pleaded in defense, but compliance with which need not be averred in plaintiff's petition.

2.   Same—Day or Night Message—Parol Evidence.—Where the word "Day" is written across the printed conditions on a blank form used for night messages, parol evidence was admissible to show that it was intended thereby to cancel the conditions so far as they were applicable to night messages, and the court properly submitted to the jury whether it was a day or a night message.

3.   Same—Verdict Not Excessive.—For negligent delay in delivering a telegram, whereby a son was prevented from reaching the bedside of his dying father until after the latter had become unconscious, a verdict of $2150 damages is large, but not so excessive as to require in this case a reversal of the judgment.

APPEAL from Cooke. Tried below before Hon. D. E. BARRETT.

*Stanley, Spoonts & Meek*, for appellant.—1. The defendant's liability arose from the contract entered into by virtue of which the message

was sent, and it being stipulated in that contract that no claim for damages would be valid unless presented in writing within thirty days, and said provision being valid and binding, the court had no authority to substitute another and different contract, wherein it was provided that notice should be presented within sixty days, for the contract actually made; and the fact that the word "Day" was written across the face of the message did not change the provision of the contract requiring notice to be presented within thirty days. Tel. Co. v. Young, 77 Texas, 245; Tel. Co. v. Culberson, 79 Texas, 65.

2. The plaintiff was only entitled to recover a reasonable and just compensation for the injuries sustained. Tel. Co. v. Houghton, 82 Texas, 560.

*Potter, Potter & Cofer*, for appellee.—The printed stipulation on the blank message formed no part of the contract for sending the message, as it was erased by the parties when they entered into the contract. Rice on Ev., 275–277; Laws. on Usages and Customs, chaps. 4, 5; Bish. on Con., sec. 377.

HEAD, ASSOCIATE JUSTICE.—Appellee instituted this suit to recover damages for delay in delivering to him the following telegram:

"BONHAM, February 17, 1891.
*"To F. E. Piner, Denton, Texas:*
"Your father is no better. Come on first train.
" SALLIE PINER."

This message was delivered to appellant at 5:30 p. m., and reached Denton at 6:45 of the day of its date, and was not delivered to appellee until 8 a. m. the next day. Had it been delivered previous to 10 p. m. of the day it was sent, appellee would have reached Bonham at 7.30 the next morning, in time to have been with his father three or four hours while he was fully conscious, but as it was, he did not arrive until about 1:30 p. m., at which time his father had become wholly unconscious, and remained in that condition until his death on the 20th.

The appellant was guilty of negligence in failing to deliver the message on the 17th, and this negligence was the cause of the failure of appellee to see and be with his father as above set forth.

The original message was written on what is known as a night blank, which contained, among other things, the stipulation, "that no claim for damages shall be valid unless presented in writing within thirty days after sending the message;" but across these printed words was written the word "Day," and appellant's agent was allowed to testify, without objection, that "the word 'Day,' written across the message in this case, means that it was a day message and was to be sent and delivered during the day in which it was received by the company, and under the stipulations contained in blanks for day messages."

The message was in fact sent and paid for as a day message, and was delivered to appellee upon a day blank, which contained the stipulation, that "the company will not hold itself liable  *  *  *  in any case where the claim is not presented in writing within sixty days after the message is filed with the company for transmission." Suit was instituted and citation served within sixty days, but not within thirty, and the court instructed the jury, that if they found the contract to have been for a day message, the suit was in time to be a compliance with this provision; otherwise not.

Upon the verdict of the jury, judgment was rendered in favor of appellee for $2150, from which appellant appeals, and assigns error in the giving of the above charge, and in the refusal to grant him a new trial because of alleged excessiveness in the verdict.

We are of opinion the court committed no error of which appellant can complain in submitting to the decision of the jury the question as to whether the contract was to be governed by the thirty or sixty day clause.

In the first place, we do not believe the question as to whether or not appellee presented his claim for damages in time was in issue in this case. In the case of Telegraph Company v. Karr, 5 Texas Civil Appeals, 61, we strongly intimated our disposition to dissent from the opinion of our late Court of Appeals in the McKinney case, 2 Court of Appeals Civil Cases, section 647, in treating a stipulation of this kind in a telegraphic message as a condition precedent, a compliance with which must be averred and proven by the plaintiff; and subsequent investigation has confirmed us in the views we there suggested. We believe that a careful reading of the language in which these contracts are couched must lead to the conclusion that the requirement for the presentation of the claim for damages can only have the effect of a condition subsequent, a failure to comply with which will forfeit a claim already accrued, and as such need not be pleaded by the plaintiff, and if relied upon by the defendant, must be supported by him by averment and proof. Wooters v. Railway, 54 Texas, 294; Ins. Co. v. Dyches, 56 Texas, 565.

In Gould's Pleading, fifth edition, 164, it is said: "It is never necessary, by the common law, for the plaintiff in his declaration to state or in any manner to take notice of any condition *subsequent* annexed to the right which he asserts. For the office of such a condition is not to *create* the right on which the plaintiff founds his demand, but to qualify or defeat it. The condition, therefore, if performed or complied with, furnishes matter of *defense* which it is for the *defendant* to plead."

In Hutchinson on Carriers, second edition, section 756, a condition in a carrier's contract requiring notice of the loss to be given in a named time, is said to be a collateral provision, a compliance with which it is not necessary for the plaintiff to aver, even when his action is in assumpsit upon the special contract entered into by the parties.

In practice, we believe it has been almost universal to treat a failure to comply with this requirement in a telegraphic message as constituting only a matter of defense on the part of the company, and we think it should be alleged by it, whenever relied upon.

In the case at the bar, there is no allusion in the pleading of either party to a provision of this kind in the contract, and we are only advised of its existence by referring to the statement of facts.

If we are correct in the foregoing views, appellant could not have been injured by a charge giving appellee sixty days within which to present his claim.

But even though we be in error in holding the stipulation as to the presentation of the claim for damages to be a condition subsequent, we are nevertheless of the opinion that, under the evidence, the court did not err in submitting the terms of the contract, in reference to whether it was to be a day or night message, to the decision of the jury.

In this case the written contract upon this point did not consist alone of the printed conditions upon the message, as in the Culberson case, 79 Texas, 65, but it consisted of such conditions with the word "Day" written across their face; and from the undisputed evidence, admitted without objection, it appears that in such contracts this is understood to cancel and do away with that part of the contract making it a night message, and to substitute in its place the stipulations applicable to day contracts, and the copy delivered to appellee was of the latter class. Had there been straight or curved marks across the printed part of the original message, we think it must be conceded that evidence would be admitted to show that this was done for the purpose of canceling that part of the contract; and in case of a conflict in the evidence, the question would be for the decision of the jury. So, in this case, we think the evidence was properly admitted to show, that by writing the word "Day" across the printed conditions it was intended to eliminate those applicable to a night message; and as to whether or not the effect was to substitute those usually contained in day contracts, we need not decide, as the result in this case would be the same either way.

The question is not presented in the briefs as to whether or not the institution of the suit and service of the citation within the sixty days would be a compliance with the requirement that the claim should be presented to appellant in writing. In the Karr case, supra, we held that it would, especially in cases where an amendment, as was done in this case, was subsequently filed. We are still of this opinion. The Court of Civil Appeals for the Third District seems to entertain a different view, at least in cases where no amendment is filed. Tel. Co. v. Ferguson, 27 S. W. Rep., 1048.

We have examined the record in this case with much care, in deciding as to whether or not the verdict was excessive. It appears from the evidence that a more than ordinary degree of affection existed between appellee and his father, and that unusual care had been taken

to provide for the former's presence at the bedside of the latter, in case of his dangerous illness.    Appellee's suffering seems to have been very acute, and appellant's negligence inexcusable.

While the verdict is large, and more perhaps than we would have given had we occupied the position of the jury, yet the law has intrusted the decision of such questions largely to their discretion, and much weight must be given to their judgment; and we have concluded that the record does not present a case which calls upon us to say they were influenced by improper considerations in fixing the amount that should be allowed, especially as we once before set aside as excessive a verdict in favor of appellee for $4750.

The judgment of the court below will be affirmed.

*Affirmed.*

Delivered December 12, 1894.

Writ of error denied.