## WESTERN UNION TELEGRAPH CO. v. JENKINS.†

(Court of Civil Appeals of Texas. Ft. Worth. Oct. 26, 1912. Rehearing Denied Nov. 23, 1912.)

TELEGRAPHS AND TELEPHONES (§ 67*) — MESSAGES—NOTICE OF RELATIONSHIP.

A telegram addressed to "Sterling Dosier, Colo. Texas," read, "Tom Tucker's baby died to-day. If any one can come, send telegram. [Signed.] Sam Corley." Dosier was plaintiff's son-in-law and a brother-in-law of Tucker, whose wife was plaintiff Jenkins' daughter and the mother of the child referred to. *Held*, that the language indicated that others than addressee had an interest in the child's death, and was sufficient to put the company upon inquiry which would have disclosed the relationship between the parties.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. §§ 64–68; Dec. Dig. § 67.*]

Appeal from District Court, Mitchell County; James L. Shepherd, Judge.

Action by J. E. Jenkins against the Western Union Telegraph Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Edward J. Hamner, of Sweetwater (Geo. T. Wilson, of Sweetwater, of counsel), for appellant. Royall G. Smith, of Colorado, Tex., for appellee.

CONNER, C. J. Appellee, J. E. Jenkins, instituted this suit for damages for mental anguish of himself and wife occasioned by their inability to attend the funeral of their grandchild near Clarksville, in Red River county, brought about by the failure of the defendant, the Western Union Telegraph Company, to deliver the following telegram:

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

† Writ of error granted by Supreme Court.

"Clarksville, Texas, August 16, 1909. Sterling Dosier, Colorado, Texas. Tom Tucker's baby died to-day. If any one can come send telegram. [Signed] Sam Corley." J. E. Jenkins and his wife, Mrs. Matilda Jenkins, at the time in question resided about 10 miles north of Colorado, Tex.; this being their nearest telegraph and railroad station. Sterling Dosier was a son-in-law of Jenkins and a brother-in-law of Tom Tucker, and resided at Colorado. Edna Tucker, wife of Tom Tucker, was a daughter of J. E. Jenkins and wife, and the mother of the child referred to in the telegram. The child died about 11 o'clock a. m. on August 16, 1909, and Dr. Sam Corley, at the request of Tom Tucker and wife, sent the telegram above quoted. The deceased babe was buried near Clarksville about 4 o'clock p. m. on August 17, 1909. Had the telegram been delivered to Dosier, he would have at once communicated it to J. E. Jenkins and wife, and they would and could have arrived at Clarksville at 4:30 p. m. on the day of the burial, and Tom Tucker and wife would have delayed the funeral of the child until its grandfather and grandmother, J. E. Jenkins and wife, could have arrived and attended the funeral. At the time of the transmission of the telegram, Dr. Corley paid the agent of the defendant company the required charge, and, it was alleged, then informed the transmitting agent of the relationship of Dosier and of the plaintiffs in this suit.

The case was tried before a jury, resulting in a verdict and judgment in favor of the plaintiff and against the defendant for the sum of $500, from which verdict and judgment this appeal is prosecuted.

The only serious question presented on this appeal is whether the language of the telegram under consideration is reasonably sufficient to put the defendant company upon inquiry, which, if pursued, would have disclosed the relationship between J. E. Jenkins and wife and their deceased grandchild. If not, the court erred in submitting the question to the jury and authorizing a recovery in plaintiff's favor on this ground notwithstanding the evidence of actual notice also submitted, and which authorized an affirmative answer to the question. If so, then there can be no doubt but what the telegraph company must be held to have been effected with notice of the relationship and of the serious interest of the plaintiff in the subject-matter of the telegram, regardless of the oral testimony of like effect. See W. U. Tel. Co. v. Adams, 75 Tex. 531, 12 S. W. 857, 6 L. R. A. 844, 16 Am. St. Rep. 920; W. U. Tel. Co. v. Moore, 76 Tex. 66, 12 S. W. 949, 18 Am. St. Rep. 25; W. U. Tel. Co. v. Landry, 134 S. W. 848. In the case last cited, which was decided by the Court of Civil Appeals for the Fourth District, and in which a writ of error was refused by our Supreme Court, a telegram by a daughter to her father that "Gus very low; send some one to me," was held to be sufficient to effect the telegraph company with notice that some one in close relationship was expected, and that a brother not named in the telegram might be one of them. So here we think the words of the telegram clearly indicate that persons in Colorado other than the addressee might have a serious interest in the subject of the child's death, and that the presence of some one or more of such several persons was desired at Clarksville. No one familiar with the subject can fail to know that telegrams of like character are generally addressed to that one of those in close relationship who is most available or most likely to communicate the telegram to those of like interest, and where, as here, the telegram on its face shows that more than one may be concerned, it becomes the duty of the transmitting company to inquire for more particular information if desired. It cannot be doubted that a simple inquiry on the part of the company's sending agent would have fully developed the interest of the plaintiff in this suit, and it follows that the court might have so instructed the jury as a matter of law, and hence an error of the court, if any, in submitting the question to the jury, was harmless, and all assignments of error dependent on this question are overruled.

We find nothing substantial in other criticisms of the charge or in objections to the court's rulings on the admission and exclusion of evidence, and conclude that the evidence fully supports the material allegations of appellee's petition.

All assignments are accordingly overruled, and the judgment affirmed.