WESTERN UNION TELEGRAPH CO. v. TUCKER.†

(Court of Civil Appeals of Texas. Ft. Worth. Oct. 26, 1912. Rehearing Denied Nov. 23, 1912.)

APPEAL AND ERROR (§ 1004*)—REVIEW—EXCESSIVE DAMAGES—MENTAL ANGUISH.

The jury has a large discretion in awarding damages for mental anguish for failure to send a telegram, and its verdict will not ordinarily be disturbed, unless so excessive as to make it probable that it resulted from passion.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3944-3947; Dec. Dig. § 1004.*]

Appeal from District Court, Mitchell County; James L. Shepherd, Judge.

Action by Tom Tucker against the Western Union Telegraph Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Edward J. Hamner, of Sweetwater (Geo. T. Wilson, of Sweetwater, of counsel), for appellant. Royall G. Smith, of Colorado, Tex., for appellee.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

† Writ of error granted by Supreme Court.

CONNER, C. J. This is a companion suit to that of Western Union Telegraph Company v. J. E. Jenkins (No. 7541) 152 S. W. 198, this day decided by us. The suit was instituted by Tom Tucker for damages for mental anguish of his wife caused by the failure of her father and mother, J. E. Jenkins and Mrs. Matilda Jenkins, to attend the funeral of Mrs. Tucker's child in Red River county; it being charged that the failure of J. E. Jenkins and wife to so attend was caused by the negligence of the company in failing to deliver the telegram announcing the death of the child sent by Sam Corley, and set out in the opinion in the companion case referred to. The case was tried before a jury, resulting in a verdict and judgment in favor of the plaintiff for the sum of $1,-207.87.

The evidence in this case and the questions presented, with one exception, are substantially the same as in the companion case of Jenkins against the appellant herein. It will therefore be unnecessary for us to again discuss questions so disposed of, and all assignments of error herein presented, save the one hereinafter mentioned, are accordingly overruled for the reasons given in said cause No. 7541.

In this case it is further insisted that the verdict is excessive, and that for this reason the trial court should have granted a new trial. There is no fixed rule for the allowance of damages in cases of the kind under consideration. The rules on the subject are well settled. In all such cases a large discretion is confided to the jury and the trial court, and where, as here, the amount of damages has been approved by the trial court, the verdict will not ordinarily be disturbed, unless its excess be so great when considered in reference to the evidence as to make it probable at least that the verdict was the result of passion. See W. U. Tel. Co. v. Piner, 9 Tex. Civ. App. 152, 29 S. W. 66; G., H. & S. A. Ry. v. Hynes, 21 Tex. Civ. App. 34, 50 S. W. 624, and authorities therein cited. Tested by the rules which are so plainly presented in the cases cited, we cannot say that the verdict before us is so excessive as to authorize us to disturb the verdict and judgment.

The evidence in other respects being such as to support the material allegations of the plaintiff's petition, it is ordered that the judgment be affirmed.