WESTERN UNION TELEGRAPH CO. v. TAYLOR et ux.

(Court of Civil Appeals of Texas. Austin. Nov. 26, 1913. Rehearing Denied Jan. 21, 1914.)

1. TELEGRAPHS AND TELEPHONES (§ 56*) — FAILURE TO DELIVER MESSAGE—NOTICE OF MENTAL SUFFERING.

A telegraph company cannot be held liable for damages from mental suffering on the part of any person who is not referred to or whose name is not connected with a message, unless the company has notice from some other source that such other person is interested in its prompt delivery.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. § 37; Dec. Dig. § 56.*]

2. TELEGRAPHS AND TELEPHONES (§ 56*) — DELAY IN DELIVERY OF MESSAGE—MENTAL SUFFERING—NOTICE.

The delivery of a telegram reading: "Notify C. T. that mother is dead," with a state-

ment to the receiving agent that the message was important, but without notice that deceased was the mother of T.'s wife, would not enable the wife to recover for mental suffering from inability to attend her mother's funeral.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. § 37; Dec. Dig. § 56.*]

3. APPEAL AND ERROR (§ 1177*)—DISPOSITION —REMAND.

In an action to recover damages for mental suffering by reason of delay in delivery of a telegram, the court, on reversing for want of notice of plaintiff's interest sufficient to sustain a recovery, will remand for another trial, where it appeared that another witness might testify as to notice.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4597–4604, 4606–4610; Dec. Dig. § 1177.*]

Appeal from District Court, Coryell County; J. H. Arnold, Judge.

Action by C. W. Taylor and wife against the Western Union Telegraph Company. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

Spell & Sanford, of Waco, for appellant. T. R. Mears, of Gatesville, for appellees.

KEY, C. J. Charles W. Taylor and his wife recovered a judgment for the sum of $500 against the Western Union Telegraph Company, and the latter has appealed. The basis of the plaintiffs' suit was the failure of the defendant to send and deliver a telegram in time to enable Mrs. Taylor to attend the funeral of her mother. The telegram read as follows: "San Angelo, Texas, Dec. 2, 1911. Mr. Buford Taylor, Kempner, Texas. "Notify Charlie Taylor that mother is dead. J. I. Johnson." The plaintiff Mrs. Taylor was and is the wife of the Charlie Taylor mentioned in the message, but there was no proof that the defendant had any notice of that fact, unless the face of the message was sufficient to impart that notice.

[1] Whatever may be the views of any member of this court, and whatever ruling might be made if the question was an open one, the doctrine is firmly established by decisions of the Supreme Court of this state that a telegraph company cannot be held liable for damages resulting from mental suffering on the part of any person who is not referred to in, or whose name is not connected with, the message, unless the telegraph company has notice from some other source that such other person is interested in the prompt delivery of the message. Telegraph Co. v. Kirkpatrick, 76 Tex. 218, 13 S. W. 70, 18 Am. St. Rep. 37; Telegraph Co. v. Carter, 85 Tex. 585, 22 S. W. 961, 34 Am. St. Rep. 826; Telegraph Co. v. Edmondson, 91 Tex. 209, 42 S. W. 549; Telegraph Co. v. Gotcher, 93 Tex. 114, 53 S. W. 686. It is impossible to distinguish this case from the Carter Case, and it comes clearly within the rule applied in the other cases cited.

[2] The only evidence relied on by counsel

for appellees as tending to show collateral notice was to the effect that the agent who received the message was told that it was important. That was insufficient to give notice of the fact that Charlie Taylor had a wife who might want to attend the funeral. Telegraph Co. v. True, 101 Tex. 236, 106 S. W. 315. This case is distinguishable from Telegraph Co. v. True, 105 Tex. 344, 148 S. W. 561, 41 L. R. A. (N. S.) 1188, and Telegraph Co. v. Goldwire, 152 S. W. 503. In both those cases the messages related to business and not to social affairs, and there was no question as to the right of recovery for mental suffering, nor as to the right of any one whose name was not disclosed by the face of the message. Telegraph Co. v. Jenkins, 152 S. W. 198, and Telegraph Co. v. Tucker, 152 S. W. 199, cited in appellant's brief, are more in point. Those cases were decided by the Court of Civil Appeals for the Second district, but the Supreme Court granted writs of error in them, on the ground that it was not believed that the plaintiffs in those cases were entitled to recover, and they are still pending in the Supreme Court.

[3] This disposes of the only question presented in appellant's brief, and must result in a reversal of the case. Appellant contends that the case has been fully developed, and that it appears clearly that the appellees can submit no other testimony tending to show that appellant had notice of Mrs. Taylor's interest in the message, and therefore that this court should render a final judgment. Mr. Spangler, who delivered the message to appellant's agent for transmission, testified that he was accompanied by Mr. Lee Upton. Mr. Upton was not called as a witness; and, conceding that Mr. Spangler and appellant's receiving agent will testify that nothing was said by Spangler indicating that Charlie Taylor had a wife, it may be that Mr. Upton will testify otherwise; and therefore the judgment is reversed, and the cause remanded for another trial.

Reversed and remanded.