## UNIVERSAL LIFE & ACCIDENT INS. CO. v. ARMSTRONG et al.

### No. 11327.

Court of Civil Appeals of Texas. Dallas.

July 15, 1933.

Rehearing Denied Sept. 23, 1933.

R. G. Storey and H. B. Sanders, both of Dallas, for appellant.

B. Ray Smith, of Dallas, for appellees.

LOONEY, Justice.

Mrs. Marguerite Armstrong, joined pro forma by her husband, sued the Universal Life & Accident Insurance Company, alleging that she was beneficiary in a life policy issued by the Western National Insurance Company of Fort Worth, Tex., to her mother, Mrs. Carrie Bates Fowler; that application for the policy was obtained by Julian B. McCoy, agent of the insurer, on February 2, 1931, who at the time issued to insured a receipt for $2, advanced premium for four weeks; that on April 13, 1931, the policy was delivered, and thereafter, on May 11, 1931, the insured died, alleging proof of death, demand of payment, denial of liability, etc., and that defendant took over the affairs and business of the insurer, and assumed its obligations, including the liability to plaintiff, etc. Plaintiff alleged that, if the insurance contract did not become effective on February 2, 1931, the date of the application, in such event the alternative plea was made that, when the policy was delivered, on April 13, 1931, the insured was not in sound health, that the insurer was fully cognizant of such fact, through its said agent McCoy, but, notwithstanding delivered the policy, consummated the contract, hence is estopped to deny the validity thereof.

Defendant answered by demurrers, general and special; a general denial, pleaded certain provisions of the policy, denied under oath the agency and authority of McCoy, specially pleaded that insured was not in sound health at the time of the delivery of the policy, that the same lapsed because premiums due were not paid, and that no provision of the policy had been waived, etc.

The case was tried to a jury, and, upon their answers to special issues, the court rendered judgment in favor of plaintiff for the amount of the policy, principal and interest, but denied her prayer for 12 per cent. damages and reasonable attorney's fee. Defendant appealed, and plaintiff filed a cross-

226

assignment, complaining of the refusal of the court to give judgment in her favor for damages and attorney's fee.

■ Defendant's first assignment of error is as follows: "The court erred in overruling demurrers and special exceptions Nos. 1, 2, 3, 4, 5, 6, 7, 8 and 9 in the defendant's second amended original answer, to which reference is hereby made."

This assignment does not merit ·consideration, because multifarious, but, as assignment No. 1 in defendant's motion for a new trial in the court below is in same form and, in our opinion, sufficient to save the points elaborated in assignments Nos. 7 to 14, inclusive, presenting distinct specification of error, which we have considered, but finding no error in the action of the court complained of, the assignments are overruled.

■ In assignment No. 2, defendant complains of the action of the court in permitting the introduction of the receipt given insured by the alleged agent, McCoy, at the time the application for the policy was taken. This receipt acknowledged payment of $2 advanced premium, to be returned in the event the application was refused, but; if approved and the policy issued, to be retained, and the proof shows that it was received and retained by the insured. The receipt also contains certain provisions, of no importance here, because liability is not predicated thereon; hence we do not think the court erred in · admitting this evidence.

■ Defendant's third assignment is as follows: "The court erred in admitting evidence as to the purported agency of J. B. McCoy." This assignment fails to comply either with the statute or rules of court. Article 1844, as amended by the 42nd Legislature (1931), page 117, c. 75, § 1 (Vernon's Ann. Civ. St. art. 1844), requires that all assignments of error shall distinctly specify the grounds relied upon, and errors not distinctly specified are waived. Rules Nos. 24, 25, and 26, governing Courts of Civil Appeals, provide that assignments must distinctly specify the grounds relied upon, and, to be a distinct specification, must point out the proceeding in a particular manner. An assignment expressed in such general terms, as that the court erred in admitting evidence on a certain issue, without specifying or identifying the evidence objected to, does not comply with either statute or rule, and will be ignored, as though no assignment was attempted. The agency of McCoy was a material issue; evidence thereon, pro and con, was admissible, hence an assignment in general terms, that the court erred ·in admitting evidence on the issue, is too general, and wanting in the definiteness required to merit consideration.

■ Assignments Nos. 4 and 5 present the same question; i. e., that the court erred in overruling defendant's motion, at the close of plaintiff's evidence, for a directed verdict. The transcript fails to disclose that any such motion was made, or acted upon; however, the statement of facts discloses that, when plaintiff rested, defendant made a verbal motion for an instructed verdict, on the ground that plaintiff failed to furnish "a statement as required by the contract"; that is, proper proof of death. The court did not err in refusing this request, as it appears from the testimony of J. C. McDonald, defendant's managing official, that, after receiving proof of death, the claim was rejected, because insured was not in sound health when the policy was delivered. This denial of the claim obviated the necessity of making further or additional proof. Francis v. International, etc., Ass'n (Tex. Civ. App.) 260 S. W. 938, 946, and authorities cited.

■ In sixth assignment, defendant complains of that portion of the judgment allowing interest from and after June 15, 1931. As shown above, the claim was rejected, on the ground that the insured was not in sound health when policy was delivered. No good reason has been suggested, and none appears, in support of this contention, for, if the claim is a valid one, it matured prior to that date.

■ Assignments 15 to and including No. 28 relate to questions raised for the first time on appeal, and, not having been urged below in the motion for a new trial were waived, under plain provisions, both of the statute and rules of court, and cannot be considered.

Article 2232, R. S. 1925, provides, that a motion for a new trial "shall: * * * 3. Specify each ground on which it is founded, and no ground not specified shall be considered." Rule No. 24 for Courts of Civil Appeals provides that: "The assignment of error must distinctly specify the grounds of error relied upon and distinctly set forth in the motion for a new trial in the cause, and a ground of error not distinctly set forth in a motion for a new trial in the cause and not distinctly specified in reference to that which is shown in the record, or not specified at all, shall be considered as waived, unless it be so fundamental that the court would act upon it without an assignment of error as mentioned in Rule 23."

The wisdom of these provisions is apparent, for, if during the progress of the trial reversible error is committed, it should be called to the attention of the court and opposing counsel in the motion for a new trial, so that suitable correction may be made or a new trial granted, thus avoiding the delay and expense incident to an appeal.

■ The cross-assignment of plaintiff, complaining of the refusal of the court to render judgment in her favor for 12 per cent. damages and reasonable attorney's fee provided by statute (Vernon's Ann. Civ. St. art. 4736) as penalty for failure to pay the policy within thirty days after demand, presents a rather troublesome question, but the statute, being highly penal, is construed strictly; and the trial court, being in a better position to understand the facts, decided the issue against the contention of plaintiff; therefore we do not feel justified in disturbing the judgment in this respect.

Finding no reversible error, the judgment below is in all things affirmed.

Affirmed.