## SUPERIOR FIRE INS. CO. OF PITTS-
## BURG, PA., v. ROBERTS.
### No. 11749.

Court of Civil Appeals of Texas.  Dallas.
July 6, 1935.

R. W. Mayo, of Dallas, and Bumpass & Killough, of Terrell, for plaintiff in error.

Coon & Coon, of Terrell, for defendant in error.

LOONEY, Justice.

J. E. Roberts sued the Superior Fire Insurance Company on its fire policy covering a residence belonging to plaintiff situated in Terrell, Tex., which was destroyed by fire, and after proper proof of loss plaintiff's claim was rejected by defendant, resulting in the institution of this suit. The case was tried without a jury, and the court filed findings and conclusions to the effect that, at the time of the fire, the policy was in full force and effect; that the house was referred to in the policy as 503 Warren avenue; that no residence existed at that number, but that the street number of the house destroyed was 705 Warren avenue; that previously the house was numbered 503 but had been changed to 705. With reference to this matter, the court said: "I further find that plaintiff never, at any time before or since the issuance of the policy, owned any property or house of any kind on Warren Avenue, except the house that was burned, and I find that it was the intention of the plaintiff and O. O. Morris, the local agent who wrote the policy in question, that it should cover the house that was destroyed and that the placing of the house number in the policy as 503, which was the old number on the house that was destroyed, was a mistake." The court found further that the loss was total, that at the time of the fire the policy was in full force and effect, constituting a liquidated demand against defendant for the full amount thereof, and that after the fire plaintiff complied with all terms of the policy in giving notice and making proof of loss, demanded payment of de-

fendant, which was refused; whereupon the court rendered the judgment from which this appeal was taken.

Defendant urges several assignments grouped around the idea that, because of the incorrect street number of the house recited in the policy, a serious question of misdescription was presented, requiring the reformation of the contract before it could be enforced, and, as this was not done, the court erred in rendering judgment for plaintiff.

We find no merit in this contention. The policy was issued, not on a street number, but on a dwelling well known to defendant's agent issuing the policy, in whose agency plaintiff had carried insurance on the house for seven or eight years. Originally, the house bore street number 503, which later was changed to 705, but in writing the renewal policy defendant's local agent used the former number. Plaintiff owned only the one house on Warren avenue; insurance was not sought or intended on any other; hence we overrule all assignments and propositions in respect to this phase of the case.

At the request of defendant, the court made a supplemental finding of fact, as follows: "Taking into consideration the sound value of the house insured in this case, the number of years it had been built, and deducting the wear and tear and depreciation therefrom, I find that at the time the house covered by this policy was destroyed by fire, its value was $400.00."

Defendant seemingly contends that somehow this court should relieve it from the situation presented, in that "it would do violence to an elementary principle of equity and be against public interest to construe the valued policy law so as to permit a litigant to recover more than the value of the property destroyed."

As before stated, the evidence showed a total loss within the meaning of article 4929, R. S. If the dwelling was excessively insured, that fact, so far as disclosed by the record, did not result either from fraud, accident, or mistake. Defendant's agent, issuing the policy, was familiar with the property, having carried insurance thereon in his agency for seven or eight years. In this situation, no special occasion arose for plaintiff to offer evidence as to the value of the property. The supplemental finding of the court

is based on the testimony of Mr. Fort, resident of Dallas, a professional adjuster in the employ of defendant and other insurance companies. He had no personal knowledge of the house, had never seen the property until after the fire, and the estimate he gave as to the cost of a new house was based upon an estimate furnished by another, from which the witness deducted 50 per cent. depreciation, leaving $527.37, the value he placed on the property immediately prior to the fire, and deducting therefrom $127.37, the value placed on the salvage, $400 remained, being his estimate of plaintiff's loss. The evidence of this witness and the finding of the court based thereon are, in our opinion, immaterial, because foreign to any issue framed by the pleadings; hence must be disregarded.

It is peculiarly within the power of an insurance company to prevent the issuance of excessive insurance, and if negligent in this respect and policies excessive in amount are issued by local agents, it is entirely too late, after the happening of the calamity insured against, to say, in the absence of some equitable showing, that the property was insured for more than it should have been. The statute, article 4929, R. S., answers such contention in the provision that: "A fire insurance policy, in case of a total loss by fire of property [real] insured, shall be held and considered to be a liquidated demand against the company for the full amount of such policy." We therefore overrule defendant's contention in respect to this matter.

The contention is further made that the court erred in refusing to enter judgment for defendant, in that plaintiff failed to allege or prove that the fire destroying the dwelling was caused by a risk covered by the policy, rather than by one of the excepted causes set out in the policy. The exceptions referred to are these: "This company shall not be liable for loss caused directly or indirectly by invasion, insurrection, riot, civil war or commotion, or military or usurped power, or by order of any civil authority; or by theft; or by neglect of the insured to use all reasonable means to save and preserve the property at and after a fire or when the property is endangered by a fire in neighboring premises; or (unless fire ensues and, in that event, for the damages by fire only) by explosion of any kind, or lightning; but lia-

bility for direct damages by lightning may be assumed by specific agreement hereon."

We think the correct doctrine on this subject was announced by the Supreme Court, in East Texas Fire Ins. Co. v. Dyches, 56 Tex. 565, 569, saying, among other things, that "those * * * conditions of the contract * * * in the nature of exceptions * * * are matters of defense, and were not required to be noticed or negatived in the petition"; also announced by Judge Key, for the Austin court, in Burlington Ins. Co. v. Rivers, 9 Tex. Civ. App. 177, 28 S. W. 453, holding, in an action on a fire policy having exceptions similar to those in the policy under consideration, that the petition need not allege that the loss did not result from an excepted cause. But a different doctrine was later announced, stated by Judge Alexander of the Waco court, in American Ins. Co. v. Maddox (Tex. Civ. App.) 60 S.W.(2d) 1074, 1077, as follows: "However, the rule as recognized by our Supreme Court and enforced in this state is that where the general liability of the insurer is thus limited by the terms of the policy, the burden is on the insured to both allege and prove that the loss sustained by him comes within the general liability thus assumed by the insurer, and in addition that it does not come within any of the excepted causes. [Citing authorities.]" To the same effect, see opinion by Judge Martin of the Amarillo court, in Georgia Home Ins. Co. v. Trice (Tex. Civ. App.) 70 S.W.(2d) 356. So, in our opinion, the case must be ruled by the doctrine announced in these later cases, but even then we find no occasion to reverse the judgment of the lower court.

Plaintiff's petition alleged a cause of action, and was not excepted to on the ground that the contract sued upon was not sufficiently pleaded; and the general demurrer plead by defendant, not having been acted upon, was waived; so we are brought to the identical situation presented in Phoenix Ins. Co. v. Boren, 83 Tex. 97, 18 S. W. 484, where the Supreme Court said that while the petition should have alleged that the fire was not the result of a cause for which the company had expressly refused to be liable, yet, as the defendant failed to call for action upon its demurrer, it waived the defect in the pleading. As the question of a defective pleading does not arise, we are brought to a consideration of the sufficiency of the evidence to sustain the judgment. As before shown, the policy provides that the company shall not be liable for a loss, caused directly or indirectly by an invasion, insurrection, civil war, or commotion, or military or usurped power. Plaintiff offered no affirmative proof that the loss did not result from either of these causes, but we think it absurd to say that any such proof was demanded, as this court judicially knows that no condition such as is mentioned in either exception existed in Terrell, on November 17, 1932, the date of the fire. The policy also provides against liability for a loss caused by riot, order of any civil authority, theft, neglect of the insured to preserve the property, at and after the fire, explosion or lightning. No affirmative proof was offered that the loss did not result from either of these causes; yet the circumstances that indicate the probable cause of the fire forbid the conclusion, or even suspicion, that the loss was or could have been the result of either of these excepted causes. Plaintiff was absent at the time of the fire, did not know of its occurrence until next day; hence does not rest under suspicion of having been negligent in preserving the property at or after the fire. The house had been vacant a few days just preceding the fire, which occurred between 1 and 2 o'clock in the morning, and on being discovered by those residing in the vicinity the alarm of fire was given. After the fire, the exterior walls bore evidence of having been saturated with oil; but there is no evidence tending in any way to connect plaintiff or any particular person with incendiarism, if it existed. However, the evidence does tend to show that the house had been used by tenants as a place to bootleg intoxicating liquors; plaintiff testified that he heard a rumor to that effect a short time before the last tenant moved, but there is no evidence that in any way connects plaintiff with bootlegging, or as having had knowledge of its existence, except the rumor, in regard to which he testified. If the property had been used as a bootlegging joint, as rumor indicated, such a situation no doubt was offensive to many people, and it may be that in the midst of these circumstances "spontaneous combustion" originated. The evidence, we think, fully justified the conclusion of the trial court; therefore, its judgment is affirmed.

Affirmed.