## NORTH BRITISH & MERCANTILE INS. CO., Limited, v. STRINGER.

### No. 10172.

Court of Civil Appeals of Texas. Galveston.

April 1, 1936.

Rehearing Denied April 23, 1936.

Bryan & Bryan, of Houston, for appellant.

Fogle & Holden, of Houston, for appellee.

LANE, Justice.

This suit was brought by Mrs. Una Stringer, a feme sole, hereinafter for convenience referred to as plaintiff and appellee, against North British & Mercantile Insurance Company, Limited, hereinafter referred to as the insurance company and as appellant, to recover upon a policy of fire insurance issued to plaintiff by the defendant, covering certain household and kitchen furniture belonging to the plaintiff, in the sum of $3,000.

Plaintiff alleged that on or about the 2d day of May, 1932, while said policy was in force and effect, the household and kitchen furniture so covered by the policy was destroyed and damaged by fire, and that such damage and destruction caused a loss to plaintiff in excess of the sum of $3,000; that at the time of such fire the said furniture was worth in excess of $3,000; and that by reason of such fire plaintiff had suffered damage in the sum of $3,000.

"Plaintiff further alleges *that she duly performed all the conditions required of her by the terms of said policy or contract of insurance,* and in due time after said fire and in conformity with the terms of said policy or contract of insurance, on or about the 13th day of June, 1932, gave due notice and proof of fire and loss as above alleged and as required by said policy to defendant and made demand of defendant for payment of the contract amount of such insurance, to-wit; the sum of $3000.00, whereby defendant is justly indebted, bound and liable to pay to plaintiff the sum of $3000.00. Plaintiff further alleges that the defendant has refused to pay the same and still refuses to pay the same, to plaintiff's damage in the sum of $3000.00, together with interest thereon at the rate of 6% per annum from May 1, 1932." (Italics ours.)

Plaintiff asked for a recovery of the sum of $3,000, with 6 per cent. interest per annum thereon from May 1, 1932, until the same is paid.

Defendant insurance company answered by a general demurrer; by special exception, saying that the allegations of plaintiff's petition are vague, insufficient, uncertain, and indefinite, invoking the judgment of the court. It denied generally the allegations of the plaintiff.

At the close of the evidence the defendant by motion requested the court to instruct the jury chosen to try the cause to return a verdict in its favor, which motion was by the court refused.

The cause was then submitted to the jury upon special issues, in answer to which the jury found that the actual cash value of the property of the plaintiff that was totally destroyed by the fire in question at the time and place of its destruction was the sum of $2,000; that the amount of damage to the property of the plaintiff which was not totally destroyed was the sum of $250, and that the reasonable cost in dollars and cents to have repaired and replaced the damaged and destroyed items of the property of plaintiff at the time and place of the fire, with items of like kind and quality, was the sum of $2,250.

Upon the verdict of the jury and the evidence, judgment was rendered for the plaintiff, Una Stringer, for the sum of $2,250 against the defendant, North British & Mercantile Insurance Company, Limited, together with 6 per cent. per annum on said sum from the 16th day of August, 1932.

From the judgment so rendered the defendant has appealed.

The policy sued upon contained the following provisions:

"This company shall not be liable for loss caused directly or indirectly by invasion, insurrection, riot, civil war or commotion, or military or usurped power, or by order of any civil authority, or by theft, or by neglect of the insured to use all reasonable means to save and preserve the property at and after a fire, or when the property is endangered by fire in neighboring premises, or (unless fire ensues, and in that event, for the damage by fire only) by explosion of any kind, or lightning. * * *

"In all other cases this company shall not be liable beyond the actual cash value of the property at the time of the loss with proper deductions for depreciation, however caused, and shall in no event exceed what it would then cost the insured to repair or replace the same with materials of like kind and quality."

Appellant, by its assignments Nos. 1, 2, and 3, insists that the court erred in over-

ruling its motion for an instructed verdict in its favor at the close of the evidence, for the reason that appellee failed to allege in her pleadings and prove by competent evidence that her claim did not fall within the exclusion and exception clauses in the policy sued upon.

We overrule said assignments. There is nothing in the record showing that the trial court was asked to pass on either the general demurrer or special exception of defendant, and it appears that it made no ruling on either. There is nothing in the record showing that any fundamental error was committed in the proceedings. There is nothing to show that the trial court was requested to pass upon the matters contained in the assignments 1, 2, and 3, to the effect that plaintiff did not plead nor prove that her claim did not fall within the exception clauses above quoted. Failure to allege appellee's claim did not fall within the exception clauses of the policy and did not preclude recovery on the fire policy where petition alleged a cause of action not excepted to on ground that contract sued on was not sufficiently pleaded. The motion for new trial makes no reference to such matters. The motion was overruled on March 21, 1934. Appellant filed assignments of error on April 20, 1934. On May 2, 1934, more than 30 days after the motion for new trial was refused, and after the trial court had lost jurisdiction of the cause, appellant filed a supplemental assignment in which, for the first time, the matter mentioned was assigned as error. The trial court was given no opportunity to correct the error, if error it was. It is well settled that in appeals from judgments, where the trial was before a jury, all errors not fundamental, which are not timely called to the attention of the trial court for his ruling thereon, are waived and cannot be urged for the first time in an appellate court. Phœnix Ins. Co. v. Boren, 83 Tex. 97, 18 S.W. 484; Houston Belt & Terminal Ry. Co. v. Daidone (Tex.Civ.App.) 62 S.W. (2d) 524, 525, 529; Universal Life & Accident Ins. Co. v. Armstrong (Tex.Civ. App.) 63 S.W.(2d) 225, 226; Superior Fire Ins. Co. v. Roberts (Tex.Civ.App.) 84 S.W. (2d) 810, 811; Westchester Fire Ins. Co. v. Cannon (Tex.Civ.App.) 79 S.W.(2d) 920.

There is no fundamental error apparent of record in this case. If the matters complained of in assignments 1 and 2 constitute error, it is not fundamental error. Such is the necessary implication from decision in the Phœnix Case, supra, opinion by Judge Stayton, deceased, for our Supreme Court. In that case, as in the present one, the petition alleged that the property was destroyed or damaged by fire, but did not allege that the fire was not occasioned by one of the excepted causes enumerated in the policy.

In Houston Belt & Terminal Ry. Co. v. Daidone, supra, it is said: "We were of opinion when the original opinion was prepared, and are still of opinion, that when a losing litigant asks a trial court to grant him a new trial upon specified supposed errors made in the trial of the case, all acts of the trial court complained of during the trial but not complained of in the motion for new trial should be considered as waived. The purpose of requiring the filing of a motion for new trial in cases tried before a jury, as a prerequisite to appeal, is to present to the trial judge the assignments upon which the party relies for the setting aside of the judgment against him and the granting of a new trial. Complaints made of any act of the court in the conduct of the trial not presented in the motion for new trial should, in our opinion, be considered as waived. * * * Appellant has presented to the trial judge fifty supposed errors * * * not one of which asserts that the court erred in the admission of evidence or the rejection of evidence offered by it. We are of opinion that under such circumstances this court should not be required to correct an error, if any, which the trial court might have corrected, and probably would have corrected had it been asked to do so, by motion for rehearing."

We quote also from Universal Life & Accident Ins. Co. v. Armstrong, supra: "The wisdom of these provisions [requiring that errors be assigned in a motion for a new trial in the trial court] is apparent, for, if during the progress of the trial reversible error is committed, it should be called to the attention of the court and opposing counsel in the motion for a new trial, so that suitable correction may be made or a new trial granted, thus avoiding the delay and expense incident to an appeal."

In the late case of Superior Fire Ins. Co. v. Roberts, supra, opinion by Justice Looney, the same contention was made as is made here namely: "That plaintiff failed to allege or prove that the fire destroying the dwelling was caused by a risk covered

by the policy, rather than by one of the excepted causes set out in the policy." The exceptions contained in that policy were the same as here. Apparently the appellant did not apply for a writ of error. The court said that the plaintiff's petition alleged a cause of action, and was not excepted to on the ground that the contract sued upon was not sufficiently pleaded, "so we are brought to the identical situation presented in Phœnix Insurance Co. v. Boren, 83 Tex. 97, 18 S.W. 484, where the Supreme Court said that while the petition should have alleged that the fire was not the result of a cause for which the company had expressly refused to be liable, yet, as the defendant failed to call for action upon its demurrer, it waived the defect in the pleading."

Rules 24 (142 S.W. XII), 71a (145 S.W. VII), and 101a (159 S.W. XI), require that matters, such as this complained of, shall be brought to the attention of the court in a motion for a new trial, and that when this is not done, the error, if any, is waived.

The court submitted but three special issues, Nos. 1, 2, and 3, which, together with the definitions appended thereto, are as follows:

"No. 1. What do you find from a preponderance of the evidence to be the actual cash value, if any, of the property of the plaintiff that was totally destroyed, if any was, by the fire, at the time and place of its destruction?

"Answer by stating the amount, if any, in dollars and cents.

"By the term 'actual cash value' as used in this charge is meant its salable value or cash value or its fair market value, at the time and place of the fire.

"By the term 'fair market value' used in the foregoing definition, is meant the best price obtainable by reasonable efforts at the time and place of the sale.

"No. 2. What do you find from a preponderance of the evidence to be the amount of damage, if any, to the personal property of the plaintiff not totally destroyed by fire:

"You will answer by stating the amount, if any, in dollars and cents.

"No. 3. From a preponderance of the evidence, what do you find to have been the reasonable cost in dollars and cents to have repaired and replaced the damaged or destroyed items of personal property in the Elsbury Street house at the time of the fire, with items of like kind and quality, on or about April 30th, 1932?

"You will answer in dollars and cents, as you find the facts to be.

"In this connection you are charged that the damage, if any, could in no event exceed what it would have cost the plaintiff, Mrs. Stringer, on or about April 30th, 1932, to repair or replace the same with material of like kind and quality, with proper deduction for depreciation, however caused."

Appellant contends that the court committed reversible error in so submitting such issues, in that (1) the jury were permitted thereby to make answer thereto without finding the extent or amount of depreciation to the property lost or damaged by the fire in question; (2) that such issues as submitted fail to inform the jury that loss, if any, inquired about, and any loss recoverable, could be no more than the actual cash value at the time of the fire, with proper deductions for depreciation, however caused; (3) that nowhere in such issues is the jury informed that they must take into consideration depreciation and "apply such as testified to in the record"; (4) that such issues permitted the jury to make answers thereto without considering and finding the extent or amount of depreciation, required by the contract of the parties, in that any answer made thereto by the jury in the light of the definition "would be insufficient, incomplete, and not determinative of a single determinative issue of fact on which a proper judgment could be entered"; (5) that such issues did not require of the jury a finding of "an independent, ultimate, essential, controverted fact, to-wit, depreciation and deduction of depreciation from any figure found by the jury."

We overrule appellant's contentions. We think the issues as submitted sufficiently submitted the controlling and pertinent issues raised by the pleadings and evidence, and that the answers of the jury, above stated constitute a proper basis for the judgment rendered. Such being true, the court did not err in refusing to submit to the jury three special issues requested by appellant.

Appellant, among its numerous untenable assignments, contends that the verdict of the jury is contrary to the undisputed evidence, has no support by any credible evidence, and that it was solely a verdict reached "upon passion, prejudice, compro-

mise, and agreement without regard to the evidence."

We think there was ample evidence to support the findings of the jury. There was nothing in the proceedings, so far as we have been able to see, that indicates that the jury was remotely influenced by any improper motive. The assignment is overruled.

We have considered all other assignments submitted by appellant and have reached the conclusion that none of them present reversible error. We therefore overrule them without further discussion. The judgment is affirmed.

Affirmed.