NEAL et al. v. ADKINS et al.

(Court of Civil Appeals of Texas. Austin. Feb. 14, 1912.)

1. PARTNERSHIP (§ 216*)—PLEADING—ISSUES —PROOF—VARIANCE.

Where a joint action for commissions was brought by four individuals described as partners, doing business under a firm name, and it appeared that, at the time the sale was made, one of the individuals named was not a member of the firm, there was a fatal variance between the cause of action pleaded and the proof, defeating plaintiffs' right to recover.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 416–418; Dec. Dig. § 216.*]

2. PARTNERSHIP (§ 213*)—VARIANCE—OBJECTION—NECESSITY OF PLEA.

Where plaintiffs in a joint action for commissions sued as partners, it was not necessary that defendant should file a plea under oath to present the question of a variance between the cause of action pleaded, and the proof that one of the plaintiffs named was not a member of the firm when the sale was made.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 408, 409; Dec. Dig. § 213.*]

3. BROKERS (§ 65*)—DUTY TO PRINCIPAL— ACTING FOR PARTY ADVERSELY INTERESTED.

In an action for commissions by brokers doing business under a firm name, where the purchaser whom the plaintiffs procured was, at the time of the sale, and as defendants knew, a member of the plaintiffs' firm, the interests of the firm and one of its members were adverse, and the firm was not entitled to recover.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 48–50; Dec. Dig. § 65.*]

Appeal from McCulloch County Court; Harvey Walker, Judge.

Action by J. A. Adkins and others against J. S. Neal and others. Judgment for plaintiffs, and defendants appeal. Reversed and rendered.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

Shropshire & Brown, for appellants. A. G. Walker, for appellees.

KEY, C. J. J. A. Adkins, M. E. Abernathy, A. B. Carrithers, and W. W. Spiller brought this suit against W. P. Neal, J. S. Neal, and Arthur Neal for the purpose of recovering a commission for the sale of certain property. The plaintiffs' original petition was filed September 6, 1910, and it was therein alleged "that the plaintiffs are land brokers and agents to sell lands and personal property for others on commission, and are partners doing business under the firm name of Brady Land Company." The petition alleges that on or about the 1st day of May, 1910, the defendants listed certain property with said firm of Brady Land Company, and authorized it to sell same for money or exchange for other property that would be acceptable to the defendants, and agreed to pay the Brady Land Company 5 per cent. commission if a sale was effected. The petition then proceeds to allege that the Brady Land Company found a purchaser for the defendants' property by the name of John Martin; that the plaintiffs brought the parties together; that, as a result thereof, the defendants sold their property to Martin at a value of $9,175, and took in part payment $7,200 worth of property from Martin; and that Martin paid the balance in cash. The defendants filed an answer which contained a general demurrer, a general denial, and a special plea alleging that John Martin, to whom the defendants' property was sold, was at the time of the sale a member of the Brady Land Company and a partner with all the plaintiffs except W. W. Spiller. There was a jury trial which resulted in a verdict and judgment for the plaintiffs, and the defendants have appealed.

We shall not discuss in detail the various assignments of error presented in appellants' brief, but have concluded that the plaintiffs have no cause of action, and the judgment must be reversed for two reasons:

[1] 1. The suit was brought as a joint action by the plaintiffs Adkins, Abernathy, Carrithers, and Spiller, and in order to recover it was necessary for them to show that the defendants were liable, not to a portion of the plaintiffs but to all of them upon a joint contract, as alleged. The undisputed proof shows that at the time the trade was made between the defendants and Martin, Spiller was not a member of the firm doing business as the Brady Land Company, and did not become a member of that firm until after the transactions referred to. Hence there is a fatal variance between the plaintiffs' case, as alleged in their petition, and the proof submitted in support of that case, and for that reason the plaintiffs were not entitled to recover anything.

[2] It is true that the plaintiffs sued as partners, and the defendants did not file a plea under oath denying the existence of such partnership; but such plea was not necessary to present the question we are discussing. While the defendants concede that the plaintiffs were partners at the time the suit was brought, they do not concede, and the plaintiffs did not allege, that they were partners at the time the alleged cause of action accrued. But if it be conceded that they sued upon a contract alleged to have been made with them as a firm, including Spiller as a member of such firm, then if they proved any contract, it was one between the defendants and another and different firm or partnership, and therefore they failed to prove the cause of action alleged. It is true that three of the plaintiffs were members of both firms, but that fact does not render the two firms or the partnerships identical, although each did business under the name of the Brady Land Company. That company was not a person, corporation, or other legal entity, and was nothing but a name used for business purposes.

[3] 2. The undisputed proof shows that John Martin, the purchaser whom the plaintiffs claimed they procured for the defendants' property, was at the time of the sale a member of the firm which composed the Brady Land Company; and, although the defendants knew that fact, we hold that the plaintiffs are not entitled to recover any commission. An agent cannot represent his principal and himself in a transaction where their interests are adverse; and as long as it is the duty of an agent to promote, guard, and protect the interest of his principal, he cannot buy the property himself and claim a commission for making the sale. In other words, when the agent goes to his principal and offers to buy the property himself, he thereby ceases, in so far as that transaction is concerned, to represent his principal, because he occupies an attitude adverse to the interest of such principal. While it is true that only one member of the firm was a purchaser in this instance, yet the wholesome doctrine referred to has application. The defendants had listed their property with the firm, and their contract entitled them to the disinterested service of every member of that firm; and, when conditions arose which necessarily placed one member of the firm in antagonism to the defendants' interest, the contract referred to ceased to apply, and no compensation can be claimed thereunder by any member of the firm. That proposition is so well grounded in right and justice as to render it unnecessary to cite authorities in support of it.

Upon the whole case, our conclusion is that the judgment must be reversed and here rendered for appellants, and it is so ordered.

Reversed and rendered.