WESTERN UNION TELEGRAPH COMPANY v. J. R. TRUE ET AL.

No. 2238. Decided June 27, 1912.

1.—Telegraph—Contract—Damages—Notice.

Though a telegraph message did not, on its face, convey to the company notice that failure to promptly transmit and deliver would cause loss by the addressee of a valuable contract, information given by the latter to the agent at point of delivery that such message was expected and related to a cattle deal which might cause him to lose several thousand dollars if he failed to receive it, was sufficient to render the telegraph company liable for such special damages where the bargain was lost by negligent delay to deliver. It then became the duty of the agent to make inquiry as to the details of the transaction if further information was desired. (Pp. 347-349.)

**2.—Same—Time of Notice.**

It was immaterial that notice of the circumstances involving liability to special damages was given to the delivering agent, and not to the sending one at the time of receiving the message, where the negligent delay was not in its sending or transmission, but in the delivery at point of destination. (P. 349.)

**3.—Case Distinguished.**

The rulings on former appeal, Western U. Tel. Co. v. True, 101 Texas, 236, distinguished from the present by the facts involved.   (P. 347.)

Error to the Court of Civil Appeals for the Sixth District, in an appeal from Tarrant County.

True and others sued the telegraph company and·had judgment. Defendant appealed and on affirmance obtained writ of error.

*H. D. Eastabrook, George H. Fearons,* and *Spoonts, Thompson & Barwise,* for plaintiff in error.—The message made the basis of this suit from Davidson to True, reading: "Parties failed to arrange deal. If you want cattle come here," supplemented by a statement from True to the destination operator to· the effect that the message was important; that it pertained to a cattle deal, and if he failed to receive it he would probably lose several thousand dollars; did not give notice to the Telegraph Company of an agreement theretofore existing between Davidson and True by which True was to purchase a specified number of cattle and at a stipulated price.   Western U. Tel. Co. v. True, 101 Texas, 236; Western U. Tel. Co. v. Barkley, 131 S. W., 849; Clark Mfg. Co. v. Western U. Tel. Co., 67 S. E., 329.

The Court of Civil Appeals erred in not reversing the judgment of the District Court for the reason that the declarations of True, and which are claimed to be sufficient to fix notice on the Telegraph Company of the existing agreement between him and Davidson, were not made to the operator who accepted the message for transmission, they were not made to the Telegraph Company at the time that the contract for transmission was entered into, but were made to the destination operator, and after the contract of transmission had been made, and were not made to any agent of the Telegraph Company who then had the telegram within his control, nor had the contract of the Telegraph Company been then performed or completed.   Missouri, K. & T. Ry. Co. v. Belcher, 89 Texas, 429; Telegraph Co. v. Fitch, 130 S. W., 44; Wiggo v. Telegraph & Tel. Co., 110 S. W., 179.

The message made the basis of the suit did not close any agreement existing between the parties to the message; it was not so written as that a reply thereto would close any such agreement.   Even though the message had been promptly delivered to True he might or might. not have proceeded with the trade, and Davidson might or might not have sold the cattle to True.   The message in question amounted to no more than an invitation from Davidson to True to take up negotiations with reference to a pending agreement, which negotiations might or might not result finally in a consummated contract.   This brings about such an element of uncertainty and indefiniteness as to render the damages herein sought to be recovered on account of a failure to deliver such message too remote, contingent and speculative to

be recovered. Western Union v. Connelly, 2 W. & W., sec. 113; Murphy v. Service, 2 W. & W., sec. 658; Western Union v. Hall, 124 U. S., 445; Western Union v. Ivy, 177 Fed., 66; Bennett v. Western Union, 106 N. W., 13; Johnson v. Western Union, 29 So., 787; Squires v. Western Union, 98 Mass., 232; Wilson v. Western Union, 52 S. E., 153; Western Union v. King, 105 Pac., 449.

*Stewart & Templeton,* and *McLean & Scott,* for defendants in error.—Whether the action be treated as ex-contractu or as ex-delicto, we insist that the facts of this case bring it within the exception to the rule of Hadley v. Baxendale, as announced by this court in the case of Bourland v. C., O. & G. Ry. Co., 90 S. W., 483, 99 Texas, 407; Wells Fargo Express Co. v. Battle, 5 Texas Civ. App., 532; Baker & Lockwood Mfg. Co. v. Clayton, 46 Texas Civ. App., 384; Pac. Ex. Co. v. Jones, 113 S. W., 954-955; Wells Fargo & Co. Express v. Thompson, 116 S. W., 608; G., C. & S. F. Ry. Co. v. Cherry, 129 S. W., 153; Southern Ry. Co. v. Lewis, 51 So. 866-867.

The gravamen of the plaintiffs' complaint against the defendant company is that it owed to the plaintiffs the duty to promptly deliver the message to the addressee thereof upon its receipt at Ryan, and that it negligently failed to discharge such duty, whereby the plaintiffs were damaged. It is true that this duty arose from a breach of the contract made with Davidson. But the failure to discharge that duty is a tort. Western U. Tel. Co. v. Adams, 75 Texas, 536; Thompson on Elec., sec. 427-430; 1 Q. Sedg. on Damages, sec. 190; Joyce on Elec. Law, sec. 742; 12 Current Law, p. 2105, sec. 3; 14 Current Law, p. 2168, sec. 3; Woods v. Western U. Tel. Co., 148 N. C., 1; Telegraph Co. v. Fitch, 130 S. W., 46; 3 Suth. on Dam., 314; 2 Sedg. on Dam., secs. 859, 868, 871, 877, 878; Hutch. on Carriers, 2d ed., secs. 740, 743, 768b, 768c, 780.

Mr. Justice Dibrell delivered the opinion of the court.

This cause is before the Supreme Court for the second time, but on the trial upon which the present judgment is based there were additional material facts in evidence not before the court when formerly disposed of. The action was based upon the allegations stated in a general way that Sam Davidson of Fort Worth, Texas, in October, 1904, was in control of about three thousand steer cattle located in the Indian Territory, a part of which were then suitable for beef and a part were what is usually known as feeders. J. R. True acting for himself and others desired to purchase these cattle of Davidson but was informed that an option had been given on them to J. W. Martin and A. H. Barnes until the morning of October 31, 1904. It was agreed by Davidson with J. R. True that if Martin and Barnes did not take the cattle under their option on the morning of October 31st, that he, True and his associates, should have the option of buying them at the price they were then offered. Since no question as to the damages recovered will be discussed in this opinion it will not be necessary to make any statement in regard thereto. Martin and Barnes failed to take the cattle under their option on the morning of October 31st, and Davidson at about three o'clock P. M. on said

day prepared and delivered to the defendant at Fort Worth, Texas, the following message addressed to J. R. True at Ryan, Indian Territory:

Fort Worth, October 31, 1904.

To J. R. True, Ryan, I. T., via Sta.

"Parties failed to arrange deal. If you want cattle come here.

(Signed)   Sam Davidson."

On the afternoon of October 31st, 1904, J. R. True called at the office of the defendant in Ryan and notified its agent there that he was expecting an important telegram and that he desired to have same promptly delivered to him as soon as it was received at Ryan. True called at the office of defendant in Ryan several times during the afternoon of October 31st, to ascertain whether the message had been received there. At about six o'clock P. M., True was summoned to his ranch about eight miles in the country, and before leaving town he arranged with the firm of Jackson & Bird, who were merchants in the town of Ryan, to receive for him said telegram as soon as it should arrive and send it to him at his ranch, which they agreed to do. At the same time he notified the agent of defendant to deliver the message at once to Jackson & Bird for him when it came, which the agent agreed to do, and True notified the agent of the importance of the message, telling him that it related to a cattle deal which might cause him to lose several thousand dollars if he failed to receive it. The message was received by defendant's delivering agent at Ryan at about 7:35 P. M. on the 31st of October, but was not delivered to Jackson & Bird or to any one for plaintiffs and was not received by True until about nine o'clock next morning, and too late for him to get to Fort Worth until the morning of November 2nd. If the message had been delivered with reasonable dispatch to Jackson & Bird they would have sent it to J. R. True, and he would have reached Fort Worth on November 1st in time to have purchased the cattle upon which he had an option, but as plaintiffs did not come to Fort Worth without delay Davidson thought they did not wish to make the purchase of the cattle and sold them to other parties.

A more complete statement of the case will be found in the former opinion of this court, in 101 Texas, 236, 106 S. W., 315.

The distinguishing feature of the case, as it was then before this court and now, lies in the fact that as shown by the second trial plaintiffs notified the delivering agent of the great importance of the message and that it pertained to a cattle transaction pending between them and the sender, and that if they did not receive the message promptly when it reached Ryan they would likely lose several thousand dollars. On the former trial it was not shown that this explanation of the purpose of the telegram was made to the delivering agent; nor was the cause of action then as now based upon the negligence of the defendant in failing to promptly deliver the message after it had reached its destination.

In the former opinion of this court referred to, it was determined that the telegraph company was negligent in failing to transmit the message promptly from Fort Worth to Ryan, Indian Territory, and

was negligent in failing to deliver the message to Jackson & Bird according to the direction of True. And that the liability of the company to plaintiff for the damages claimed was clear. The testimony on those issues was the same then as now. The cause, however, was reversed but upon the ground solely that there was nothing in the language of the message itself unaccompanied by any explanation "from which either operator, or any other person reading it from his standpoint, could learn that there had theretofore been an agreement entered into between Davidson and True whereby the latter should be entitled, upon the failure of other parties, to purchase the cattle."

It follows from the view taken and expressed upon the former appeal that the principal if not the sole question now to be determined is the effect of the notice given by True to the delivering agent, at Ryan, in explanation of the purpose of the message he was expecting to receive.

The cause of action was based on the failure of defendant to promptly deliver the message to Jackson & Bird for plaintiffs as J. R. True directed and as it agreed to do. A consideration of the case in the light of the message as delivered to defendant at Fort Worth, Texas, and the negligence in its transmission need not be had.

In rendering the former opinion Judge Brown in construing the import of the message as it must have been understood by the receiving agent of the company without the explanation given the delivering agent, said: "Thus looking at the message, it reasonably appeared to the operators from its terms that Davidson had theretofore had on hand with other parties a deal for the cattle which the parties had failed to consummate, and that True knew of this transaction between Davidson and the unnamed parties. It is reasonably apparent that the purpose of the message was to inform True of the failure of the parties, not named, to carry out some transaction, and to offer to True the opportunity to buy the cattle if he desired to do so."

Add to the knowledge implied by the language of the message itself and imputed to the delivering agent the explanation given by True, and it appears that such agent was sufficiently notified of the business transaction pending between Davidson and True so as to make the company liable for the damages resulting to plaintiff by reason of the non-delivery of said message promptly and without unreasonable delay.

There is in this State a recognized principle of law, which we desire to invoke as of controlling effect in the case at bar, and that is where the language of the telegraphic message is sufficient in itself to disclose the general nature of the communication, it devolves upon the agent receiving the message to make inquiry of the sender as to the nature of the message and by this means to gain fuller information as to the transaction or matter about which the message relates, and upon a failure to make such inquiry his principal will be charged with the information that such inquiry would have developed. Western U. Tel. Co. v. Adams, 75 Texas, 535, 16 Am. St., 390, 6 L. R. A., 844; Western U. Tel. Co. v. Turner, 94 Texas, 308; Erie Tel. Co. v.

Grimes, 82 Texas, 95 (17 S. W., 833); Western U. Tel. Co. v. Ward, 19 S. W., 899; Western U. Tel. Co. v. Hargrove, 14 Texas Civ. App., 79, 36 S. W., 1079.

When J. R. True said to defendant's agent at Ryan, "this message pertains to a cattle deal which might cause me to lose several thousand dollars if I fail to receive it," such agent when considering that information could not help but know at least the general nature of the message and it was his duty if any further information was desired upon the subject to have made inquiry of True, and upon his failure to do so his principal will be charged with such knowledge of the transaction between Davidson and True as might have been gained by such inquiry.

In Western Union Telegraph Co. v. Turner, above cited, it was held by this court in answering certified questions, that the following telegram was sufficient on its face to suggest that it was intended as the acceptance of an offer involving a business transaction and to make it the duty of the company, if it desired further information, to request it, and upon failure to secure further information to make the company liable for damages accruing to the sender for the loss of profits in failing to conclude a transaction for the sale of cotton, to-wit: "To C. H. Nelson, Linden, Texas. Accept offer five three-quarters. Send tickets. Accept Rogers. (Signed) J. T. Turner." So far as the opinion in that case discloses the facts, no information was given the agent as to a pending agreement to sell cotton, but it is there held that the message itself contains sufficient information to notify or suggest to the company that there was an acceptance of an offer involving a business transaction, and devolving upon it the duty to promptly transmit and deliver such message. The message did not go into the details of a business transaction, but the company had no right to expect that it would. As said by Judge Henry in the case of Western Union Telegraph Co. v. Adams, above cited: "It is well known to the public, and cannot be unknown to telegraph companies that the utmost brevity of expression is cultivated in correspondence by telegraph. It is well known that that mode of communication is chiefly resorted to in matters of importance, financially and socially, requiring great dispatch. * * * When the general nature of the communication is plainly disclosed by its terms, instead of requiring the sender to communicate to the unwilling ears of the busy operator the relationship of the parties concerned, a more reasonable rule will be, when the receiver of the dispatch desires information about such matters, for him to obtain it from the sender, and if he does not do so to charge his principal with the information that inquiries would have developed."

Plaintiff's cause of action being predicated upon the failure to promptly deliver the message at the point of destination, it is not material that the declarations of True relied upon to fix notice on the telegraph company of the existing agreement between him and Davidson, were not made to the operator who accepted the message for transmission, and that they were not made to such operator at the time the contract for transmission was entered into. If the action was based in any manner upon the negligence of the company in

transmitting the message the contention of plaintiff in error as urged by its able counsel to the effect that such declarations to be effectual should have been made to the receiving operator and at the time the contract for transmission was made would be potent as a defense. But when the action is based solely upon the failure to promptly deliver the message after its receipt at destination the rule has no application, for the reason that it is not conceived in what manner such failure to give notice to the receiving operator could affect the prompt delivery of the message when the notice had geen given the delivering agent before the arrival of the message at Ryan. If the telegraph company had wholly failed to transmit the message plaintiffs under the ruling of this court on the former appeal would not be entitled to recover, for the reason the message without some explanation did not disclose its general nature so as to cast the burden of inquiry upon defendant. But the message declared on coupled with the explanation given the agent of defendant at the place of destination by True was amply sufficient to notify it of the pending business transaction, rendering it liable for such special damages as plaintiffs suffered by reason of the non-delivery of the message.

There being no other question demanding the serious consideration of this court as presented by the application for writ of error, we are of the opinion the judgment of the Court of Civil Appeals should be affirmed, and it is so ordered.

*Affirmed.*