HOUSTON & T. C. R. CO. v. CORSICANA FRUIT CO. (No. 7160.)

(Court of Civil Appeals of Texas. Dallas. Oct. 24, 1914. Rehearing Denied Nov. 21, 1914.)

1. PARTNERSHIP (§ 213*)—ACTIONS—PARTIES—VARIANCE.

In an action brought in the name of two partners, defendant could show, without denying the partnership under oath as required by Rev. St. 1911, art. 1906, that there were other partners, each having an interest in the subject of the suit, so as to defeat the suit for want of parties.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 408, 409; Dec. Dig. § 213.*]

2. PARTNERSHIP (§ 200*)—SUIT IN FIRM NAME.

A partnership may not sue in its firm name independently of the partners composing the firm.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 369–371; Dec. Dig. § 200.*]

3. APPEAL AND ERROR (§ 1056*)—HARMLESS ERROR—EXCLUSION OF EVIDENCE.

The exclusion of evidence in a suit in the name of two partners that other partners were members of the firm will not be considered harmless error because plaintiff did not offer to show that such other members were not secret or dormant partners, where the objection to its admissibility did not urge that the members were secret or dormant partners.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4187–4193, 4207; Dec. Dig. § 1056.*]

4. APPEAL AND ERROR (§ 499*)—BILL OF EX-CEPTIONS—EXCLUSION OF EVIDENCE.

Upon a bill of exceptions to evidence admitted, only such objections as were presented in the trial court and as stated in the bill will be considered on appeal, and this applies as well to evidence excluded.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2295–2298; Dec. Dig. § 499.*]

5. TRIAL (§ 251*) — DAMAGE TO SHIPMENT — PLEADING—ISSUES.

Where it is alleged that the damage to a shipment of bananas resulted from negligence and delay, followed by specific allegations ascribing the damages to the failure to stop the car as per contract, it is error to submit to the jury as a separate ground of recovery the failure to ice the car.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 587–595; Dec. Dig. § 251.*]

Appeal from Navarra County Court; R. R. Owen, Judge.

Action by. the Corsicana Fruit Company against the Houston & Texas Central Railroad Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Neblett & Rice and Gordon Damon, all of Corsicana, for appellant. McClellan & Prince, of Corsicana, for appellee.

TALBOT, J. This suit originated in the justice court, and was brought by appellee against appellant to recover damages in the sum of $200. From a judgment in favor of the appellee in the justice court, appellant appealed to the county court, and from a like judgment in the county court appellant appealed to this court. It is alleged that the appellee, a firm composed of Ben Brown and Harry Miller, on the 24th day of July, 1912, delivered to appellant at Galveston, Tex., 580 bunches of bananas in sound condition to be transported, 200 bunches to Navasota, Tex., and the remainder to Corsicana, Tex.; that the agreement in the shipment of the bananas was that appellant would stop the car in which they were transported at Navasota to allow appellee to take therefrom 200 bunches of the bananas, and then to transport the remaining 380 bunches to Corsicana; that appellant negligently failed and refused to stop the car at Navasota, but carried the same on to Corsicana, where it arrived on July 25, 1912, and then carried back to Navasota the 200 bunches of bananas, and did not place the car for the unloading and delivery of said bananas until the morning of July 27, 1912; that when said bananas were returned to Navasota from Corsicana and the delivery thereof tendered they were overripe, damaged, spoiled, and of no value; that the market value of said bananas in good condition was $1 per bunch, and that by reason of the negligence and delay of the appellant, appellee had been damaged in the sum for which the suit was brought. Appellant denied it made the contract to stop the car at Navasota

to allow appellee to take therefrom 200 bunches of the bananas; denied the bananas were damaged; and denied there was any negligence or delay in delivery.

[1] The first assignment of error complains of the rejection by the trial court of evidence offered by the appellant to show that the car of bananas, including the 200 bunches claimed in this suit to have been damaged, belonged, at the time of the alleged damage, to another copartnership firm, called, as was the appellee, "Corsicana Fruit Company," composed of the alleged copartners, Ben Brown and Harry Miller, and two other persons, namely, Jake Brown and Jake Miller, all of whom were owners of the car of bananas involved in this suit, and each of whom had at the time of the trial of this case an interest in the cause of action declared on. The bill of exceptions reserved to the court's action in refusing to allow this testimony shows that it was objected to because appellant had not, under oath or by any pleading, put in issue the question of partnership, and because the' suit was by the Corsicana Fruit Company, and a judgment in its favor would protect appellant from any subsequent recovery by any member thereof. The testimony should not have been excluded on either ground urged against its admissibility. The suit should be treated as the joint action of Ben Brown and Harry Miller, suing as partners composing the firm of Corsicana Fruit Company to recover the damages claimed to have been sustained, and in such a case the filing of a plea under oath denying the partnership alleged was not essential to appellant's right to introduce evidence to show that said firm, at the time of the accrual of the cause of action, was composed of other persons not alleged to be members of the firm. Article 1906 of the Revised Statutes of 1911, cited by appellee in support of the court's ruling excluding the testimony in question, simply requires that, in order to put an alleged partnership in issue, the party denying the same shall file a plea under oath to that effect. The contention and argument of appellant is that it did not wish to deny, and that the evidence excluded was not offered to deny, and does not deny, the existence of the partnership as alleged by appellee, but that appellee nowhere alleged, and appellant did not and does not concede, that the firm that made the contract of shipment of the bananas with appellant, and who owned the bananas at the time of their delay and damage, if any, and at the time of the trial of this case, was a firm composed of Ben Brown and Harry Miller only; that, these things being true, appellant had the right, without denying the partnership alleged by appellee, to introduce evidence to show that the firm which made the contract was composed of four members—plaintiffs and two others— and that each of said four members had a

one-fourth interest, at the time of the trial of this suit, in the cause of action alleged, and therefore the suit could not be maintained alone by the two members suing. To sustain this view the recent case of Neal v. Adkins, reported in 145 S. W. 264, is cited. In that case four members of a firm styled "Brady Land Company" sued for a commission for a sale made by Brady Land Company when said company consisted of only three of the members suing. The Court of Civil Appeals for the Third District, in passing on the right of the defendants to present and urge the question of a variance between the cause of action pleaded and the proof, after stating that the suit was brought as a joint action by the plaintiffs, Adkins, Abernathy, Carrithers, and Spiller, and that in order to recover it was necessary for them to show that the defendants were liable, not to a portion of the plaintiffs, but to all of them as alleged, and reciting that the undisputed proof showed that at the time the trade in question was made Spiller was not a member of the firm doing business as the Brady Land Company, and did not become a member of that firm until after the transaction out of which the suit arose, and that therefore there was a fatal variance between the plaintiffs' case as alleged and the proof submitted in support of that case, said:

"It is true that the plaintiffs sued as partners, and the defendants did not file a plea under oath denying the existence of such partnership; but such plea was not necessary to present the question we are discussing. While the defendants concede that the plaintiffs were partners at the time the suit was brought, they do not concede, and the plaintiffs did not allege, that they were partners at the time the alleged cause of action accrued. But if it be conceded that they sued upon a contract alleged to have been made with them as a firm, including Spiller as a member of such firm, then, if they proved any contract, it was one between the defendants and another and different firm or partnership, and therefore they failed to prove the cause of action alleged. It is true that three of the plaintiffs were members of both firms, but that fact does not render the two firms or the partnerships identical, although each did business under the name of the Brady Land Company."

We think the views and holding of the court in the above case correct and the principle enunciated applicable here, and that, had the testimony excluded been admitted and suffered to stand without contradiction or dispute in the evidence, it would have been sufficient to defeat the appellee's recovery. It was, at all events, admissible and sufficient to raise the issue as to who composed the firm of Corsicana Fruit Company at the time of the accrual of appellee's alleged cause of action.

[2] The contention of the appellees that the suit was by the Corsicana Fruit Company, and therefore a judgment in its favor would protect the appellant from any subsequent recovery by any member thereof, whether such member joined in the suit or not, does not meet and answer the contention of appellant that the evidence rejected by the court was admissible for the purpose urged by it. It is a well-established general rule that suits can only be maintained by or against persons natural or artificial, and that, unless otherwise provided by statute, a copartnership is not considered a person, and must sue or be sued by its partners. This general rule is not varied by any statute in this state, and it follows that the Corsicana Fruit Company was not authorized to sue in its firm name independently of its members. Frank v. Tatum, 87 Tex. 204, 25 S. W. 409. This suit must therefore be treated under the allegations as a joint action brought by Ben Brown and Harry Miller as the only partners composing the firm of Corsicana Fruit Company, not only at the time the suit was brought, but at the time of the accrual of the cause of action upon which the suit is based, and evidence showing that at the time of the accrual of the cause of action other persons were members of the firm and retained to the date of the trial the interest they had in the subject-matter of the suit as such members was clearly admissible as tending to show a variance between the appellees' case, as made by their pleadings and the proof, and to thereby defeat, if true, the recovery sought.

[3] But appellees urge, in substance, in this court, that if the persons claimed by appellant to be members of the firm of Corsicana Fruit Company, and who were not made parties plaintiff in this suit, were silent, secret, or dormant partners, they were not necessary parties, and that, as it does not appear by the record that appellants offered to show that they were not such partners, the error of the court, if error, in including the evidence in question does not appear to be prejudicial, and the case should not be reversed therefor. The bill of exceptions taken to the action of the court in excluding this testimony does not show that, as an objection to its admissibility, it was urged that appellant did not offer, in connection therewith, to show that the persons claimed to be members of the firm, and not made parties, were not silent, secret, or dormant partners, and the presumption must be indulged that no such objection was urged. This being the state of the record, it must be said that the question of whether or not the partners not made parties to the suit were silent, secret, or dormant partners was not raised in objecting to the testimony, and that appellees should not be heard to urge in this court as a reason why a reversal should not be ordered that appellant failed to tender, in connection with the evidence excluded, proof that the partners not suing were not silent, secret, or dormant partners. If such an objection had been urged to the admissibility of the testimony offered, it may be that appellant would have proffered proof that such was not the character of the partners not parties to this suit.

[4] It is a well-established rule of the Su-

preme Court of this state that upon a bill of exceptions to evidence admitted only such objections as were presented in the trial court, and as stated in the bill, will be considered on appeal. Rector v. Hudson, 20 Tex. 237; Railway Co. v. Adams, 63 Tex. 206; Wheeler v. Railway Co., 91 Tex. 356, 43 S. W. 876. And we see no good reason why the rule should not obtain where evidence was excluded. But we are of the opinion that the action of the court in excluding the testimony in question cannot be justified on the ground that the appellant failed to offer proof that the partners not suing were not silent, secret, or dormant partners. The testimony offered by appellant was admissible as offered, and if the partners not suing were, in fact, silent, secret, or dormant partners, the burden of proof was upon appellees to show the fact.

[5] We are also inclined to the opinion that the trial court erred in submitting to the jury as a separate and distinct ground upon which appellees might recover the failure of appellant to ice and properly care for the bananas. It is charged that the damage to the bananas resulted from the "negligence and delay" of defendant, but following these general allegations are specific allegations ascribing the damage to the negligence of the appellant in failing to stop the car in which the bananas were shipped at Navasota, and the consequent delay in delivery at that point. We think the question should not arise upon another trial.

The judgment is reversed, and the cause remanded.