## WESTERN UNION TELEGRAPH CO. v. OLDSMOBILE SALES CO. (No. 1436.)

(Court of Civil Appeals of Texas. El Paso. March 8, 1923.)

1. Partnership ⊚⇒216(1)—Succeeding partnership must prove as well as allege ownership of cause of action of old firm.

Where it was alleged in an action by a partnership that it succeeded another partnership under the same name and took over its business, including the cause of action sued on, a judgment for the partnership cannot stand, in the absence of proof of the allegations as to the taking over of the cause of action sued on.

2. Telegraphs and telephones ⊚⇒37(9)—Liability of telegraph company for negligent failure to transmit message.

If a telegraph company contracted or assumed the duty of transmitting and delivering a telegram conveying a contractual offer of acceptance, though not unconditional, and negligently failed to transmit and deliver it, the party making the offer can recover whatever damages proximately resulted, providing the message sufficiently advised the company of the probable loss, and provided the sender could show that he could and would have consummated the sale upon the terms and conditions stated n the telegram but for the breach of duty on he part of the telegraph company.

3. Telegraphs and Telephones ⊚⇒37(9)—Message held to sufficiently advise telegraph company of probable loss from failure to transmit.

A message conveying a contractual offer of acceptance, though not unconditional, held sufficient to advise the telegraph company of probable loss of sale and profits, if the message was not transmitted and delivered.

4. Telegraphs and telephones ⊚⇒67(4)—Loss of profits from contemplated sale not speculative.

Loss of profits from failure to make sale, by reason of negligence of telegraph company in failing to transmit and deliver conditional offer of acceptance, held not speculative.

5. Telegraphs and telephones ⊚⇒66(4)—Evidence sufficient to show market value of automobile.

In action for damages for negligence of telegraph company in failing to deliver conditional offer of acceptance addressed to one who intended to buy an automobile, evidence held sufficient to sustain finding as to retail market value of the automobile.

6. Telegraphs and telephones ⊚⇒66(4)—Evidence held to sustain finding that failure to transmit message caused failure of sale.

In an action for damages for failure to deliver conditional offer of acceptance addressed to one who intended to purchase an automobile, evidence held sufficient to sustain finding that the sale failed by reason of failure to deliver the message.

7. Telegraphs and telephones ⊚⇒66(3)—Evidence held admissible in action for damages for failure to deliver message.

In an action against a telegraph company for damages for failure to deliver message containing a conditional offer of acceptance of an offer made by one contemplating the purchase of an automobile, court did not err in permitting the intending purchaser to testify that, if the telegram had been delivered to him on the date it was sent, he would have purchased a car from plaintiff.

Appeal from District Court, El Paso County; Ballard Coldwell, Judge.

Suit by A. Domenici and others, composing a partnership and doing business under the

firm name of the Oldsmobile Sales Company, against the Western Union Telegraph Company. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

Kemp & Nagle, of El Paso, for appellant. Walthall & Gamble and S. P. Weisiger, all of El Paso, for appellees.

WALTHALL, J. This suit was brought by A. Domenici, C. Domenici, and John F. Kelly, composing a partnership and doing business in El Paso, Tex., under the firm name of Oldsmobile Sales Company, as successors of A. Domenici and L. H. Little, formerly constituting said firm under said firm name, against the Western Union Telegraph Company, to recover damages alleged to have been sustained by them, by reason of its failure to transmit and deliver a telegram to C. M. Haughton at Barstow, Tex.

Appellees alleged the delivery to appellant, and its acceptance for transmission and delivery, the telegram hereafter stated, and the failure of appellant to transmit and deliver it to the addressee, and that by its failure to do so they sustained damages in the sum of $512.60, for which they prayed judgment, interest, and costs of suit.

Appellant answered by general demurrer, special exceptions, and general denial. The exceptions were overruled by the court, and the case submitted to the court on the evidence, without a jury, resulting in a judgment for appellees. The trial court made and filed findings of fact which sufficiently indicate the issues made by the pleadings. They are as follows:

"(1) That on the 9th day of July, 1920, C. M. Haughton sent the following telegram from Barstow, Tex., to the plaintiff, Oldsmobile Sales Company, at El Paso, Texas, over the lines of the defendant, Western Union Telegraph Company, to wit (omitting the date and formal address): 'If you will give me the Oldsmobile agency for Ward, Reeves and Loving county will come to El Paso and buy Oldsmobile eight seven passenger, C. M. Haughton.' That said telegram was received by plaintiff, Oldsmobile Sales Company, at El Paso before noon of July 9, 1920. That in reply to said inquiry the Oldsmobile Sales Company delivered to the defendant, Western Union Telegraph Company, about noon of July 9, 1920, the following message to be transmitted to C. M. Haughton in reply to his message above set out, to wit:

"'El Paso, Texas. July 9th, 1920.
"'C. M. Haughton, Barstow, Texas.

"'Cannot make contract until after August first, but will make selling agreement for the counties mentioned two hundred on first eight two fifty second and three hundred on any more, and allow you two hundred on sixies period if mutually satisfied after first will make contract better figures period can furnish eight seven passenger next Wednesday ready to drive away all above discounts on El Paso delivery to you. If you want deal wire us at once with check by mail fifty dollars deposit on car.
"'Oldsmobile Sales Co.
"'Day Letter—Paid.
"'Chg. Oldsmobile Co.'

"That said reply message was charged by defendant company to the account of plaintiff with defendant company, which charge was thereafter paid by plaintiff.

"(2) That said reply message was never delivered to C. M. Haughton at all; that said Haughton had for 10 years lived about 2½ miles from the office of the defendant, Western Union Telegraph Company at Barstow; that he then had a telephone connection at his house with the office of the defendant telegraph company; that said Haughton after sending his message to plaintiff called at the office of the defendant company in Barstow several times that day to see whether or not there was a reply message for him from the plaintiff, but that he was informed by defendant's agent at said office that no reply had been received, and that said Haughton did not receive said message at all.

"(3) That at the time C. M. Haughton sent his message above set out to plaintiff he was able and willing to buy such a car as is described in these telegrams; that if the telegram delivered by plaintiff to defendant had been delivered to C. M. Haughton on July 9, 1920, he, the said Haughton, would have come to El Paso, and would have purchased an eight-cylinder seven-passenger automobile, model 45–B touring car.

"(4) That Haughton did not come to El Paso and did not buy a car from plaintiff because he did not receive said reply message sent him by plaintiff; and after waiting to hear from plaintiff until July 14th he bought a car from another agency at Pecos, Tex.

"(5) That because of the failure of the defendant, Western Union Telegraph Company, to transmit and deliver said reply message to C. M. Haughton, plaintiff, Oldsmobile Sales Company, lost the sale to him of the car described in their petition; that the wholesale market value, and the cost price to plaintiff of said car laid down in El Paso ready for delivery to purchasers on that date was $1,674.50. And the retail market value and selling price of said car in El Paso ready for delivery to purchasers on that date was $2,385; and that plaintiff had agreed to allow said Haughton a discount on said car of $200. That if plaintiff had sold said car to C. M. Haughton it would have received therefor $2,185.00.

"(6) That plaintiff was agent in El Paso for said car and was entitled to purchase same from the factory at said wholesale price above specified.

"(7) That if C. M. Haughton had received said reply message he would have come to El Paso, and plaintiff would have entered into a contract with him as outlined in their telegram delivered to defendant for transmission to him; and he would have bought the car mentioned, and plaintiff would have been able to supply subsequent customers with other cars of the same description received later from the factory.

"(8) That by reason of the loss of the sale of said car to C. M. Haughton plaintiff sustained a loss of $510.50 and the cost of the

telegram not delivered of $2.11, making the plaintiff's total damage of date July 9, 1920, $512.61.

"(9) That defendant was negligent in failing to deliver the message on the day it was sent."

The court concluded that appellees were entitled to recover the amount of the total damages as stated, and interest at 6 per cent. per annum from July 9, 1920, to the date of the trial, on October 30, 1922, amounting to the further sum of $70.89.

## Opinion.

Appellant filed its assignments of error and predicated thereon its ten propositions. The first five complain of the rendition of the judgment on the several grounds that the loss of profits are speculative and could not have been contemplated at the time of and after the message was filed; the message being an unaccepted offer or step in the negotiations, it was not competent to show that the offer would have been accepted by the addressee Haughton; that appellant had no notice that appellee would have sustained such loss of profits; no evidence as to the difference between the price at which the car was offered and the market price; no evidence that Haughton would have wired sender of message at once of his acceptance, and have sent check by mail of $50 deposit on car. Propositions 6 and 7 claim error in overruling special exceptions pointing out the remoteness of the damages for the loss of profits, and that the petition on its face showed that the suit message was an unaccepted offer to buy the car and from which it could not have been anticipated that appellees would have sustained the alleged loss, or that Haughton would have purchased another car prior to the receipt of another message, and that the failure to deliver the message was not the proximate cause of the failure of the negotiations. Error is claimed in permitting Haughton to testify that, had he received the message, he would have come to El Paso and purchased the car. Error is also assigned to the third finding of fact. It is also claimed that there was no evidence plaintiffs were the owners of the cause of action, a change having taken place in the partnership.

[1] We have concluded that the case must be reversed for the reason that the record does not show appellees are the owners of the alleged cause of action. The petition alleges that, when the suit message was delivered for transmission and delivery, A. Domenici and L. H. Little constituted the partnership then doing business under the firm name of Oldsmobile Sales Company; that Little thereafter retired from said firm and that appellees thereafter took over the business including the cause of action herein sued on. It seems clear from the petition

that the cause of action pleaded accrued to the firm or partnership of A. Domenici and L. H. Little, then doing business under the firm name of Oldsmobile Sales Company. Appellee's petition having alleged that the cause of action accrued to A. Domenici and L. H. Little, that Little retired from the firm, and that appellees took over the cause of action in taking over the business of the previous firm, it devolved upon appellees to prove the facts alleged with reference to the cause of action sued on; that is, that A. Domenici and L. H. Little assigned the cause of action now sued on to the new firm composed of appellees. Appellees had no interest in the sending of the message to Haughton and suffered no loss of profits by the failure of appellant to transmit and deliver it, and could have no cause of action by reason of the facts alleged unless, as alleged, they became the owners of the cause of action by purchase, and the purchase must be proved as well as alleged. The record does not show that appellees own the cause of action. Neal v. Adkins et al. (Tex. Civ. App.) 145 S. W. 264; H. & T. C. R. Co. v. Corsicana Fruit Co. (Tex. Civ. App.) 170 S. W. 849.

In view of another trial, we think it not amiss to indicate the view we entertain on the other issues presented. Appellees alleged the receipt of the above message from Haughton, the delivery to appellant of the reply message and the acceptance for its transmission and delivery to Haughton, and the failure of appellant to deliver it, the loss of sale of the automobile by reason of the failure of appellant to deliver their message. They allege the wholesale market value to them of the automobile laid down in El Paso ready for delivery to purchasers, and the retail market value of the automobile at El Paso, ready for delivery to purchasers. They allege that they were the agents at El Paso of the car and were entitled to purchase the car from the factory at the market price stated, and that on the day named they could and would have sold the one car to Haughton for the price stated, but for the failure of the appellant to deliver the message. We have not stated the full contents of the petition but sufficient, possibly, to discuss other matters presented.

[2, 3] We understand the rule in this state to be that, if the telegraph company contracted or assumed the duty of transmitting and delivering a telegram conveying a contractual offer of acceptance, though not unconditional, and the telegraph company negligently fails to transmit and deliver it, the party making the offer can recover whatever damages proximately results from the breach of the contract to transmit and deliver the message, provided the message sufficiently advises the telegraph company of the probable loss, and provided the sender could show that he could and would have consummated the

sale upon the terms and conditions stated in the telegram, but for the breach of the duty on the part of the telegraph company. Here the telegraphic message was sufficient to inform the appellant that it was a reply message and had reference to a particular business transaction, the sale of a particular kind and class of automobile, and the terms upon which the sale would be made by the sender of the telegram to the sendee. It was at least sufficient, we think, to make it the duty of the telegraph company, if it desired further information, to request it. It seems to us that the following authorities sustain the above holding. W. U. Tel. Co. v. Fletcher (Tex. Civ. App.) 208 S. W. 748; W. U. Tel. Co. v. Dorough (Tex. Civ. App.) 213 S. W. 282; W. U. Tel. Co. v. Turner, 94 Tex. 304, 60 S. W. 432; W. U. Tel. Co. v. Haynes (Tex. Civ. App.) 243 S. W. 701; W. U. Tel. Co. v. True, 105 Tex. 344, 148 S. W. 561, 41 L. R. A. (N. S.) 1188.

[4] We think the loss of profits was not speculative. An answer to the undelivered message would have completed the contract for the sale and purchase of the car. The profits here are such as would have grown out of the contract itself as the direct and immediate result of its fulfillment, rather than from an independent and collateral undertaking.

[5] It is insisted by appellant that there was no evidence as to the market value of the automobile other than its selling value. The witness Fred A. Barrows had testified fully as to the cost price and the selling value, stating in detail the several items of expense to appellees. When recalled, he then testified:

"I do know, and did know at the time of this transaction on July 9, 1920, what the market value was in El Paso of a car of the character and kind mentioned here. The values given to the court as to what the sales values were here, was the market value at that time."

The above, we think, was sufficient to sustain the court's finding as to the retail market value, and as found in the fifth paragraph.

It is further insisted that the case should be reversed because there was no evidence that if the reply telegram had been delivered Haughton would have wired the appellants at once and have mailed a check for $50 deposit on the car, as a condition of the sale stated in the telegram. It is insisted also that it could not have been reasonably anticipated that Haughton would have purchased the car except under the conditions stated in the message. There is some confusion in the evidence on the point above suggested. The court found, as in the third paragraph, that if the telegram had been delivered to Haughton on the 9th of July he would have come to El Paso and purchased the car. Barrows, the appellee's sales manager testified:

"As stated in that telegram, I offered Mr. Haughton $200 off that price because we had hoped to have him as a dealer in the country stated there, which brought the price down to $2,185. * * * If Mr. Haughton had come here I could have carried out the contract as specified in this telegram, with him, provided he wanted to, and I would have done so."

Haughton was present at the trial and testified:

"If the telegram which you have read to the court as having been delivered for transmission to me, and which I did not get, had been delivered to me on that day, I would have come to El Paso and would have purchased an eight-cylinder, seven-passenger automobile, model 45–B, touring car, as set out. I did not come to El Paso and buy that car because I had no word from the Oldsmobile Company."

Haughton had made a similar statement to that above by deposition. On cross-examination, while on the stand, appellant called Haughton's attention to his above statement and submitted to him the following questions:

"Do you mean to say that, if you had received a wire from the plaintiff stating that they would give you the agency for Ward, Reeves, and Loving counties you would have bought an Oldsmobile Eight, seven-passenger? Is it not a fact that you purchased another car than an Oldsmobile, to wit, a Buick?"

To which questions Haughton replied:

"To which I answered: 'I do. I did.' I mean if they had given me the agency such as I had suggested in my telegram of the 9th, I would have come to El Paso and bought a car. That is what I mean by saying, that I would have done so."

[6] We think the court could have properly concluded from the evidence that the failure to deliver the telegram was the cause of Haughton's not coming to El Paso, and the failure to consummate the deal for the car. The telegram clearly showed the parties had in contemplation a business transaction that involved the payment of money for the car, and a trip by Haughton to El Paso to consummate the deal. Appellant would be held to have anticipated whatever result would naturally flow from its breach of duty to transmit and deliver the mesage, as indicated in the message. The message itself indicated that some reply was expected by the sender. Telegraph Co. v. True, 105 Tex. 344, 148 S. W. 561, 41 L. R. A. (N. S.) 1188; Telegraph Co. v. Dorough (Tex. Civ. App.) 213 S. W. 282.

A reply telegram from Haughton, if in keeping with his evidence as above, and if the appellees could and would have consummated the deal on the basis outlined in the undelivered message as the evidence dis-

closed, the court could and evidently did, conclude that appellant could reasonably have anticipated that Haughton would have come to El Paso and the deal for the car consummated as outlined in the message. Had appellant desired to know in detail whether appellee would have consummated the deal on Haughton's coming to El Paso in person without sending the wire and check as indicated in the message, it should have made such inquiry.

[7] We do not concur in appellant's contention that the court was in error in permitting Haughton to testify that if the suit telegram had been delivered to him on the date it was sent, he would have come to El Paso and purchased the car. We understand the Austin Court, in Telegraph Co. v. Fletcher, supra, as holding that such evidence was competent. The burden was on the appellees to show their loss by reason of the failure of appellant to transmit and deliver the message.

In Telegraph Co. v. Mitchell, 91 Tex. 454, 44 S. W. 274, 40 L. R. A. 209, 66 Am. St. Rep. 906, on a similar certified question our Supreme Court said:

"What a party would do under a given state of facts which call upon * * * her to perform a duty to some other person, is not a matter of opinion merely, but a fact which can be testified to by such person, and if the defendant failed to perform a duty which it owed to the plaintiff in not delivering the message to either witness, the plaintiff was entitled to show that if the duty had been performed by such delivery the person to whom it would have thus been delivered would have transmitted it to him and thereby the injury could have been averted."

In Telegraph Co. v. Norris, 25 Tex. Civ. App. 43, 60 S. W. 982, in which a writ of error was denied, it was held that what Norris would have done had the message been delivered to him, was competent, material, relevant, and related to things which very naturally would have occurred, and must have been within the contemplation of the parties interested. See, also, Jones v. Roach, 54 S. W. 240;[1] Telegraph Co. v. Martin (Tex. Civ. App.) 191 S. W. 192.

For the reason stated, the case is reversed, and the cause remanded.

HARPER, C. J. (concurring). The plaintiff's petition shows that the proper parties plaintiff did not sue; therefore the parties plaintiff to this suit cannot maintain it, so the cause should be reversed for that reason only. Houston & T. C. R. Co. v. Corsicana Fruit Co. (Tex. Civ. App.) 170 S. W. 849. I do not concur in the other matters contained in the other holdings in the opinion.

[1] Reported in full in the Southwestern Reporter; reported as a memorandum decision without opinion in 94 Tex. 649.

⬗For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction April 18, 1923.
250 S.W.—15