### PITZER & SMITH v. PITTMAN.   (No. 1495.)

(Court of Civil Appeals of Texas. El Paso. June 7, 1923. Rehearing Denied June 21, 1923.)

1. Brokers ⬳88(5)—Evidence of broker's interest as intending purchaser held insufficient to defeat commission.

Evidence that a broker contemplated becoming a purchaser *held* insufficient to defeat his right to commission as a matter of law.

2. Brokers ⬳65(5)—Cannot claim commission on individual purchase, but not denied commission because he contemplated purchase for himself.

A broker cannot buy his principal's property and claim a commission on the sale, but he will not be denied his commission merely because he contemplated becoming a purchaser, if he could secure the money, where he did not in fact acquire any interest therein.

Appeal from District Court, Taylor County; W. R. Ely, Judge.

Action by S. A. Pitzer and another, doing business as Pitzer & Smith, against J. L. Pittman. From judgment for defendant, plaintiffs appeal. Reversed and remanded.

Ben L. Cox and Thos. E. Hayden, Jr., both of Abilene, for appellants.

Davidson & Hickman, of Abilene, for appellee.

WALTHALL, J. S. A. Pitzer and R. D. Smith, partners in a real estate brokerage business at Abilene, brought this suit against J. L. Pittman to recover $1,000 commissions on the sale of the furniture and fixtures pertaining to the Wright Hotel at Sweetwater, alleging that Pittman listed the property with them for sale, and agreed to pay them 5 per cent. commission for their services in procuring a purchaser for said property valued at $20,000, on terms satisfactory to Pittman. They alleged that they performed the service and procured purchasers in the persons of Mrs. Dora Jones, Clarence Jones, and T. J. Domm.

Defendant answered by general demurrer, general denial, and specially denied that plaintiffs procured a purchaser for said property upon terms at which the property was listed with them.

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The case was tried with a jury. After the evidence was heard, the court instructed a verdict for the defendant, and so entered judgment, and plaintiffs bring this appeal.

## Opinion.

The one assignment filed and submitted as a proposition sufficiently presents the contention made under several propositions by appellant. It is insisted that the court was in error in peremptorily instructing the jury to find for the appellee, when the evidence was sufficient to require that the issues of fact be submitted to the jury.

The evidence is conflicting on some of the issues of fact, but a careful reading of the evidence satisfies us that the case should have been submitted to the jury on the issues presented, unless, as contended by appellee, appellants' right to recover is defeated, as a matter of law, by reason of the undisputed evidence tending to show that appellant Pitzer, pending the deal resulting in a sale of the property, was acting for himself with the present intention of becoming the purchaser, or one of the purchasers, of the property.

The evidence is uncontroverted that the appellee listed the property for sale with appellants, stating the price at which the property could be sold, and agreeing to pay the commission at 5 per cent.; that appellants found two of the three purchasers, ready, able, and willing to buy the property, going in person with one of them to see the property and introducing one of them, the son of one of the other purchasers, to appellee, and to whom appellee, shortly thereafter, sold the property on terms satisfactory to himself. There is some controversy in the evidence as to whether appellants had withdrawn from further efforts to close the deal with the parties they had found, and to whom they had shown the property, and who afterwards bought the property, but the evidence on this issue and other issues testified about is such as to require their submission to the jury. The evidence is too voluminous to quote here, and we must content ourselves by stating our conclusion after a careful analysis of it.

It is insisted by appellee that appellant Pitzer, at and during the time of doing the acts which he claims resulted in the sale of the property, was acting for himself, and for his own benefit and with the then intent of himself becoming the purchaser of the property, and for that reason he was not the agent of appellee in the sale of the property.

The purchasers of the property were Clarence Jones, Mrs. Dora Jones (mother of Clarence Jones), and J. T. Domm.

On cross-examination, appellant Pitzer testified:

"It is not a fact that at that time I was figuring on buying the property, or the hotel. It is a fact that I went to Floyd Singleton and talked to him about buying the hotel with him and putting my son up there at the hotel. I went to Mr. Singleton in the first place and tried to get him to go in with me and buy this and he said: 'I can't do it; I haven't got any money.' He says: 'I will get the Joneses to buy it.' He said he would send them to me. And when Clarence Jones and I went up to Sweetwater we were talking about going in together and buying the property, if he would furnish the money. Young Clarence Jones and I went up to Sweetwater to look at the property together. I was not then intending to raise some money on a farm to pay for it together, to pay my part of the money. Nothing was said about any money on a farm. I told them if they would furnish my part of the money I would go in with them on it. I did not tell them I would give them a mortgage on a farm. There was not anything said about giving a mortgage on a farm. I did not say anything to Mr. Singleton about giving a mortgage on a farm. Young Jones and I went up there together and looked at it.

"Q. Well you came back and the Joneses refused to furnish you the money, didn't they, to pay your part? A. They didn't do it. Q. They didn't do it? A. No, sir; my negotiations up to that time had been to buy the property myself—that is, to buy an interest with the Joneses, provided they would furnish the money."

The above is all the record discloses on the question under consideration. It is not disclosed whether or not Pittman at any time knew of Pitzer's intention pending the negotiations to buy the property. There is nothing in the record that suggests that Pitzer acquired any interest in the property.

[1] An agent cannot represent his principal and himself in a transaction where their interests are adverse; and, as long as it is the duty of an agent to promote, guard, and protect the interest of his principal, he cannot buy the property of his principal and claim a commission for making the sale, for the reason that, in doing so, he occupies an attitude adverse to that of the principal. As said by the Supreme Court of Tennessee in Tisdale v. Tisdale, 2 Sneed (Tenn.) 596, 64 Am. Dec. 775, and quoted with approval by Chief Justice Fly in Hume v. Baggett & Baggett (Tex. Civ. App.) 221 S. W. 1002:

"This doctrine has its foundation, not so much in the commission of actual fraud, but in that profound knowledge of the human heart, which dictated that hallowed petition, 'Lead us not into temptation but deliver us from evil.' " Neal v. Adkins (Tex. Civ. App.) 145 S. W. 264; Hume v. Baggett & Baggett (Tex. Civ. App.) 221 S. W. 1002; Armstrong v. O'Brien, 83 Tex. 635, 19 S. W. 268.

The cases we have cited, and others not cited but reviewed, are cases where the agent became the purchaser himself or received a commission also from the buyer, without the knowledge or consent of the principal. We have found no case refusing a commission to the agent, where the agent did not in fact become the purchaser of the property of his

principal, or become pecuniarily interested in the purchase with the buyer.

[2] We have concluded that the agency would not terminate, or the agent be refused a commission, where he only contemplated becoming the purchaser, or party interested in the purchase, in the event he could secure the money to buy, or join in with the purchaser in buying, but did not in fact do either.

For reasons stated, the case is reversed and remanded.